1

Susannah M. Lund (SBN #250665)
Law Office of Susannah M. Lund

2

702 Mangrove Ave #320
Chico, CA 95926

3

Telephone: (530) 864-2869
susannah@mailfence.com

4

5

Attorney for Plaintiffs JOHN DOE
individually, and RICHARD ROE on behalf

6

of Minor A, Minor B, and Minor C

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO DIVISION

11

12

JOHN DOE individually, and RICHARD
ROE on behalf of Minor A, Minor B, and

13

Minor C;

14

Plaintiffs,

15

v.

16

BUTTE COUNTY PROBATION
DEPARTMENT, ROXANNE LARA,

17

DAWN HOROWITZ-PERSON

18

Defendants.

Case No.

**PLAINTIFFS' MOTION TO PROCEED
UNDER PSEUDONYMS AND TO
REDACT OR SEAL IDENTIFYING
DOCUMENTS; MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

19

20

Pursuant to Local Rules 140(b) and 141, Plaintiffs John Doe, individually, and Richard Roe,

21

on behalf of Minors A, B, and C, hereby move the Court to grant permission for Plaintiffs to proceed

22

under pseudonym and redact or seal identifying documents. Specifically, Plaintiffs' request

23

permission to proceed under the above-referenced "John Doe," "Richard Roe," and "Minors A, B,

24

and C" pseudonyms, and to redact those portion of any document filed with the Court that would

25

reveal Plaintiffs' true identities. In addition, Plaintiffs seek an order prohibiting Defendants from

26

revealing the true identity of any Plaintiff (or any information or distinguishing characteristics

27

which could reveal the true identity of any Plaintiff) to any person not authorized by the Court to

28

1

1   receive it.

2       This motion will be based on this Motion, the Memorandum of Points and Authorities filed

3   herewith, John Doe's Declaration, Richard Roe's Declaration, and the pleadings and papers filed

4   in this case. Plaintiffs will Notice Defendants as to this Motion once the case is docketed and a

5   hearing is set. This Motion is made following a request from this District Court's Operations

6   Specialist to file the motion ex parte to proceed with docketing.

7

8   Dated: November 10, 2020                    Respectfully Submitted,

9

10                                              _____
                                                SUSANNAH M. LUND
11                                              Law Office of Susannah M. Lund
                                                702 Mangrove Ave #320
12                                              Chico, CA 95926
                                                Phone: (530) 864-2869
13                                              Email: susannah@mailfence.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         2
28   PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO REDACT OR SEAL
     IDENTIFYING DOCUMENTS; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1
2
3                    **MEMORANDUM OF POINTS AND AUTHORITIES**
4          Plaintiffs file this Memorandum of Points and Authorities in support of their motion to
5   proceed under pseudonym and redact or seal identifying documents.
6                                   **INTRODUCTION**
7          Plaintiff John Doe is a person recently released from the California Department of
8   Corrections and Rehabilitation under the Post-Release Community Supervision (PRCS) Act of
9   2011. (Doe Declaration ¶¶ 2, 5). John Doe is also required to register as a sex offender for his
10  commitment offense. (Doe Declaration ¶ 4). Richard Roe brings suit on behalf of his three minor,
11  biological grandchildren, Minors A, B, and C. (Roe Declaration ¶¶ 2, 3).
12         John Doe challenges the PRCS conditions placed upon him by Defendants Butte County
13  Probation Department and Deputy Probation Officer Roxanne Lara as being preempted by state
14  law, violative of procedural and substantive due process, being vague and/or overbroad, violating
15  his fundamental right to familial association with his children, denying him his fundamental right
16  to free exercise of religion., and interference with his due process right to maintain his professional
17  licenses. Furthermore, John Doe alleges that he is being subjected to coercive interrogation that
18  shocks the conscience by Defendants Roxanne Lara's and Dawn Horowitz-Person's decision to
19  withhold approval of Doe being allowed to contact his children until he states he committed the
20  crime for which he has already served a full maximum prison sentence. (Complaint, generally).
21         Richard Roe sues on behalf of the children's fundamental rights to familial association with
22  their biological father from whom they have never been estranged. (Complaint, generally; Doe
23  Declaration ¶ 3).
24                                     **ARGUMENT**
25         Federal Rule of Civil Procedure 10 requires a complaint to "name all the parties." Fed. R.
26  Civ. P. 10(a). This rule reflects "the paramount importance of open courts" such that the "default
27  presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Schs./Bernice Pauahi*
3
28

*Bishop Estate,* 596 F.3d 1036, 1046 (9th Cir. 2010). Only "'in an unusual case,'" where "'necessary to protect a person from injury or harassment,'" are pseudonyms permitted. *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe,* 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)). The determination of necessity is "a district court's discretionary decision," but the court must balance "the [moving] party's need for anonymity . . . [against] prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000)").

1. **Moving Party's Need for Anonymity**

The first factor the court must weigh is the necessity of anonymity to protect the moving party from "injury or harassment." *Stoterau,* 524 F.3d at 1012; *see also Advanced Textile,* 214 F.3d at 1068.  Here, John Doe is required to register as a sex offender. (Doe Declaration ¶ 4). However, that is not the only reason he is moving to file under a pseudonym. (Doe Declaration ¶ 9). John Doe is not seeking to conceal the fact that he was convicted of a sex crime. (Doe Declaration ¶ 9). Indeed, John Doe did not seek anonymity when he filed a direct criminal appeal. (Doe Declaration ¶ 9). Rather, John Doe is seeking to conceal his participation, as a sex offender, in the instant suit because it is a constitutional challenge with the potential for publicity. (Doe Declaration ¶ 9). "Because it cannot be said that all, substantially all or even a majority of sex offenders participate in constitutional challenges, Doe does not run afoul of *Stoterau's* unusualness requirement." *Doe v. Cnty. of El Dorado*, No. 2:13-CV-01433-KJM-KJN, at *6 (E.D. Cal. Dec. 2, 2013).

Richard Roe is the maternal grandfather of Minors A, B, and C, and the father-in-law of John Doe (Doe Declaration ¶¶ 3, 4). For the same reasons asserted by John Doe, Richard Roe also requests a pseudonym as he joins John Doe, a sex offender, in a constitutional challenge. (Roe Declaration ¶ 11).

In *Cnty. of El Dorado,* the court distinguished the situation where a sex offender registrant requests pseudonymity simply because he fears retaliation from publicity that broadcasts the fact that he is a sex offender, from the situation where a sex offender fears retaliation from raising a constitutional challenge. *Id.* at *6. Here, John Doe and Richard Roe are requesting pseudonymity

4

to conceal their participation in the instant suit that challenges the constitutionality of restrictions placed upon sex offenders released from prison on Post-Release Community Supervision, as opposed to parole or formal probation. Furthermore, it is worth noting that the current political tensions surrounding criminal justice are running at heights not seen in the history of our nation. Disagreements specifically about the direction the criminal justice system should move have resulted in mass protests, violence, and property destruction nationwide. This makes Plaintiffs' instant suit that directly seeks judicial clarity on the scope and dimensions of California's Post-Release Community Supervision Act subject to publicity and volatile dispute, thereby endangering Doe, Roe, and the three minor children.

More specifically, those who support legislation that even tangentially touches sex offender laws are being directly targeted with significant harassment and even death threats. For example, this last fall as he pursued SB 145, a bill based on equality for the LGBTQ community, California Senator Scott Weiner suffered an onslaught of hateful social media comments and death threats because the bill sought a modification to sex offender registration laws to achieve that equality. In an op-ed he personally wrote for the New York Times, Wiener recounted the vile harassment he received including  death threats that were coming in "by the minute." These threats included things like he would be decapitated and his head sent to his mother. Wiener stated the following: "I was concerned for my personal safety, but I'm even more concerned about what this means for the country." https://www.nytimes.com/2020/10/19/opinion/scott-wiener-qanon.html

Senator Wiener's experience was not an isolated event. U.S. Representative Tom Malinowski of N.J., was also recently harassed for an even more remote connection to sex offender legislative action. In fall of 2020, it was alleged that in 2006 Malinowski was registered as a lobbyist for Human Rights Watch at a time when others in Human Rights Watch were simultaneously opposing a crime bill that expanded sex offender registration requirements. Malinowski allegedly did not even work on that crime bill opposition. Nonetheless, the mere tangential connection to the Human Rights Watch resulted in harassment and death threats.

PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO REDACT OR SEAL
IDENTIFYING DOCUMENTS; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

https://www.nytimes.com/2020/09/30/technology/false-gop-ad-prompts-qanon-death-threats-against-a-democratic-congressman.html. That this vitriol bubbled up for Malinowski in 2020, based on events from 2006, demonstrates that the societal temperature surrounding these issues is different now in 2020. Sensitivities are higher while hatred and vengeance are more prevalent When targeted threats of death are being lodged based on nothing other than legislative support of rights, that just also happen to benefit sex offenders, the threat for the Plaintiffs in this matter becomes very real. The current climate for a sex offender and his children asserting their constitutional rights could not possibly be more dangerous.

In addition, the allegations within this complaint that address an unconstitutional interference with the fundamental right to familial association necessarily require John Doe to plead that he is the father to three minor children. Minors are afforded anonymity pursuant Fed. Civ. P. 5(a)(3). However, because the minors' relationship with John Doe must necessarily be disclosed to bring the claim, disclosing John Doe's real name will subject the minors to an invasion of privacy as they all share the same surname. Furthermore, the question at issue involves an important legal question about the rights of not only those on sex offender status, but also their families. If John Doe is prohibited from using a pseudonym, he has stated that he will not proceed with the claims that involve his children, so that there is no risk of them being harassed or harmed for joining with their sex offender father in constitutional challenges. Being silenced in this manner would result in an untenable denial of rights for families that include a sex registrant who want to exercise their constitutional rights. Burdens this heavy should not be placed in front of plaintiffs asking important constitutional questions that can be decided on the merits.

**2. Prejudice to the Opposing Party**

The second factor the court must weigh is prejudice to the opposing party. *Advanced Textile,* 214 F.3d at 1068. Here, there is no risk of prejudice to Defendants as they know who John Doe is. Indeed, so that she would not be blindsided, John Doe informed Officer Lara on November 9, 2020 that he was filing the lawsuit. (Doe Declaration ¶13). Additionally, the remaining Plaintiffs are comfortable disclosing their identities to Defendants should this Court grant the protective order

PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO REDACT OR SEAL
IDENTIFYING DOCUMENTS; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ensuring that this information will not be permitted beyond Defendants and their counsel. The pseudonymity requested in this matter will only relate to publicly filed documents, with a request that anything containing identifying information, including names or other identifying characteristics that would reveal identity, be redacted or filed under seal.

**3. The Public Interest**

The final factor to weigh is the public interest. "The public's common law right of access to judicial proceedings" is firmly established and creates a presumption against anonymity. *Id.* at 1067 (citing *Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *EEOC v. Erection Co.,* 900 F.2d 168, 169 (9th Cir. 1990)). Notwithstanding that presumption, the court must determine in each individual instance "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068 (citation omitted). In certain situations, anonymity does not "obstruct public scrutiny of the important issues" in a case, and the public interest instead militates in favor of "seeing [the] case decided on the merits." *Id.* at 1072-73. Indeed, anonymity may "'serve the public's interest in [the] lawsuit by enabling it to go forward.'" *Kamehameha,* 596 F.3d at 1043 (quoting *Advanced Textile,* 214 F.3d at 1073). Further, the Supreme Court has approved the use of pseudonyms for litigants vindicating certain constitutional rights. *See generally Roe v. Wade,* 410 U.S. 113 (1973); *Doe v. Bolton,* 410 U.S. 179 (1973); *Poe v. Ullman,* 367 U.S. 497 (1961).

Here, Plaintiffs challenge defendant's Post-Release Community Supervision conditions as violating the First and Fourteenth Amendments of the United States Constitution, as well as the Preemption Clause and Article 1, Section 1 of the California Constitution. They seek injunctive relief, declaratory relief, and damages, and state that denial of anonymity will prohibit their participation in this lawsuit due to the very real risks of harm. (Doe Declaration ¶ 12; Roe Declaration ¶ 12). The issues presented in this case are of constitutional dimension and should be decided on the merits. Plaintiffs' identities have no bearing on the resolution of the issues, and a pseudonym will not impede public access to the substance of the proceedings. "Further, permitting the use of plaintiff's status as a convicted sex offender to discourage constitutional challenges does

PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO REDACT OR SEAL
IDENTIFYING DOCUMENTS; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

not benefit the public interest." *Doe v. Cnty. of El Dorado*, No. 2:13-CV-01433-KJM-KJN, at *8 (E.D. Cal. Dec. 2, 2013). In specific, the public interest is best served by allowing Plaintiffs to proceed with asking the Court to decide and issue declarations on several significant constitutional questions regarding the Post-Release Community Supervision system throughout the state of California.

## CONCLUSION

For the reasons stated herein, Plaintiffs request that this Court grant their motion to proceed under pseudonym and redact or seal any identifying documents.

Dated: November 10, 2020

Respectfully Submitted

SUSANNAH M. LUND
Law Office of Susannah M. Lund
702 Mangrove Ave #320
Chico, CA 95926
Phone: (530) 864-2869
Email: susannah@mailfence.com

PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO REDACT OR SEAL
IDENTIFYING DOCUMENTS; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF