UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of Minor A, Minor B, and Minor C,<br><br>Plaintiffs,<br><br>v.<br><br>BUTTE COUNTY PROBATION DEPARTMENT, ROXANNE LARA, and DAWN HOROWITZ-PERSON,<br><br>Defendants. | No. 2:20-cv-02248-TLN-DMC<br><br>**ORDER** |

Presently before the Court is Plaintiff John Doe's ("Plaintiff") Motion to Proceed Under Pseudonyms and to Redact or Seal Identifying Documents ("Pseudonym Motion"). (ECF No. 2.) Defendants Butte County Probation Department ("BCPD"), Deputy Probation Officer Roxanne Lara ("Lara"), and Dawn Horowitz-Person ("Horowitz-Person") (collectively, "Defendants") have all filed Statements of Non-Opposition to the Motion. (ECF Nos. 20, 25.) Plaintiff filed a Reply. (ECF No. 26.)

Also before the Court is Plaintiff's Motion for Preliminary Injunction ("PI"), in which Plaintiff seeks an order continuing the Court's December 9, 2020 Temporary Restraining Order ("TRO") temporarily enjoining Defendants from revealing Plaintiff's identity, and permitting

///

1

Plaintiff and Minors A, B, and C to proceed under pseudonym until the Court issues a ruling on Plaintiff's pending Pseudonym Motion.[1]  (*See* ECF No. 10; ECF No. 10-1 at 21–22.)

For the reasons set forth herein, Plaintiff's Pseudonym Motion is GRANTED.  (ECF No. 2.)  Plaintiff's Motion for PI is GRANTED and the PI is DISCHARGED.  (ECF No. 10.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was arrested for possession of child pornography in 2014.  (ECF No. 1 at 2; *see also* ECF No. 17 at 21.)  Plaintiff's criminal trial, in which Plaintiff proceeded under his real name, was highly-publicized.  (*See* ECF No. 2-1 at 2.)  During that time, Plaintiff's home address and the identities of his wife and children were also made known to the general public, and many people stopped by the family home, banging on the door, looking through the windows, hanging out on the front yard, and terrifying the children.  (*Id.*; *see also* ECF No. 2-2 at 2.)  Plaintiff asserts he received harassing phone calls and emails, as well as hundreds of online hate comments, some of which included death threats.  (ECF No. 2-1 at 2.)  Some online commentators also questioned what Plaintiff would think if a similar crime were to happen to Plaintiff's own children, which Plaintiff believes was meant as an implicit threat to harm his children.  (*See id.* at 2–3.)

Plaintiff was convicted of possession of child pornography by jury trial in state court in 2019 and sentenced to serve five years in state prison under the custody of the California Department of Corrections and Rehabilitation ("CDCR"), to register as a sex offender, and to pay a fine.  (*See* ECF No. 10-1 at 7; *see also* ECF No. 17 at 21.)  Plaintiff was released approximately nineteen months later on "Post-Release Community Supervision" ("PRCS").  (ECF No. 10-1 at 7; *see also* ECF No. 17 at 88–91.)  Plaintiff asserts CDCR initially indicated he would be subject only to the general PRCS conditions mandated by the Postrelease Community Supervision Act of 2011 (Cal. Pen. Code §§ 3450–3465) ("PRCS Act") and not any special conditions, but that BCPD later elected to apply several special PRCS conditions to him.  (ECF No. 10-1 at 7.)

---

[1] In his initial Motion for TRO, Plaintiff additionally sought an order enjoining BCPD and Lara from enforcing the special Post-Release Community Supervision conditions that were applied when Plaintiff was released from custody.  (*See* ECF No. 10 at 1–2.)  The Court denied that portion of Plaintiff's Motion for TRO, and therefore does not address that request herein.

Plaintiff claims these additional special conditions were imposed without warning or justification and therefore violate his constitutional rights. (*See generally* ECF No. 10-1.)

On November 10, 2020, Plaintiff initiated this action on behalf of himself and Minors A, B, and C against Defendants. (ECF No. 1.) The Complaint asserts thirteen causes of action, which essentially challenge Plaintiff's PRCS conditions as unconstitutional and preempted by state law and seek to prohibit Defendants from enforcing any of the special PRCS restrictions against Plaintiff. (*Id.* at 39–43.) Four of the causes of action pertain to alleged violations of the right to familial association under the First and Fourteenth Amendments of the U.S. Constitution and Art. I, § 1 of the California Constitution. (*See id.* at 13–14, 45–46, 49–53.) Minors A, B, and C join Plaintiff in asserting these four causes of action against Defendants. (*See id.*) The remaining nine causes of action in the Complaint are asserted by Plaintiff alone. (*See id.* at 39–53.)

That same day, Plaintiff also filed his Pseudonym Motion. (ECF No. 2.) The Pseudonym Motion seeks permission for Plaintiff and his children (collectively, "Plaintiffs") to proceed in this action under the pseudonyms "John Doe" and "Minors A, B, and C." (*Id.* at 1.) The Pseudonym Motion further seeks an order that any information or distinguishing characteristics which could reveal the true identity of Plaintiffs be redacted or sealed and that Defendants be prohibited from revealing Plaintiffs' true identities. (*Id.*)

On November 18, 2020, Plaintiff filed an *Ex Parte* Motion for TRO seeking to enjoin Defendants from enforcing the special PRCS conditions of his probation and to permit Plaintiffs to proceed under pseudonym until the Court ruled on Plaintiff's pending Pseudonym Motion.[2] (ECF No. 10.) On December 9, 2020, the Court considered Plaintiff's motion and supporting documentation and issued an Order partially granting and partially denying Plaintiff's requested TRO. (ECF No. 18.) The Court denied the motion with respect to Plaintiff's request to enjoin BCPD and Lara from enforcing the special conditions of his probation, on the basis that such request was neither timely made nor the appropriate subject of a motion for TRO. (*Id.* at 5–8.)

---

[2] At the time of filing of Plaintiff's Motion for TRO, the Pseudonym Motion was set for hearing on January 7, 2020. (*See* ECF No. 7.)

3

With respect to Plaintiff's request to proceed under pseudonym, the Court granted Plaintiff's request but expressly noted it was doing so in large part due to the extremely limited duration of the requested relief and the fact that no opposing arguments or evidence were yet before it for consideration. (*See id.* at 9, 11–12, 14.) As such, the arguments submitted by Plaintiff were deemed sufficient at that time to support granting the requested temporary relief. (*Id.*) Pursuant to the TRO, Defendants were temporarily enjoined from disclosing Plaintiffs' true identities or any identifying characteristics and were ordered to show cause as to why a PI should not be issued continuing the TRO until the Court's ruling on Plaintiff's pending Pseudonym Motion. (*Id.* at 15.)

On December 21, 2020, BCPD and Lara filed a response to the TRO opposing Plaintiff's request to proceed under pseudonym. (ECF No. 19.) However, on December 28, 2020, BCPD and Lara withdrew their opposition and instead filed a Statement of Non-Opposition to the PI and Plaintiff's pending Pseudonym Motion. (ECF No. 25.) Meanwhile, Horowitz-Person also filed a Statement of Non-Opposition to the PI and Plaintiff's pending Pseudonym Motion. (ECF No. 20.) Thereafter, Plaintiff filed a Reply. (ECF No. 26.) On December 30, 2020, the Court deemed the Pseudonym Motion submitted on the pleadings. (ECF No. 27.)

## II.   STANDARD OF LAW

As a general rule, "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe (Doe I)*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007); *see also United States v. Doe (Doe II)*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). In the unusual case, a court must consider whether anonymity is "necessary to protect a person from injury or harassment." *Doe I*, 488 F.3d at 1156 n.1. The court must then "balance the need for anonymity against the general presumption that parties' identities are public information." *Does I thru XXIII v. Advanced Textile Corp. (Advanced Textile)*, 214 F.3d 1058, 1068 (9th Cir. 2000). Where the opposing party has objected to a party's request to proceed anonymously, a district court must typically balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to

the opposing party, and (5) the public interest.  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

**III.   ANALYSIS**

   A.   Pseudonym Motion

In his Pseudonym Motion, Plaintiff argues he presents an unusual case in which the need for anonymity arises not from the elevated risk of violence to *Plaintiff* that may result due to his status as a registered sex offender, but from the elevated risk of violence to Plaintiff's three minor children, who also bring this action.  (*See generally* ECF No. 2.)  Defendants have all filed Statements of Non-Opposition to Plaintiff's Pseudonym Motion and the PI at this time.[3]  (ECF Nos. 20, 25.)  Accordingly, Plaintiff's motion is hereby GRANTED as set forth herein.

   B.   Motion for PI

As the Court previously noted, Defendants have all filed Statements of Non-Opposition to Plaintiff's Pseudonym Motion and the Motion for PI.  (ECF Nos. 20, 25.)  Accordingly, the Court finds Plaintiff's Motion continues to adequately satisfy the *Winter* prongs of the injunctive relief analysis for the same reasons set forth in the December 9, 2020 Order on Plaintiff's Motion for TRO.  (*See* ECF No. 18 at 8–14); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  As such, Plaintiff's Motion for PI is GRANTED.

Nevertheless, Plaintiff's Motion for PI merely seeks an order continuing the TRO's prohibition on revealing Plaintiffs' true identities until issuance of the Court's ruling on the pending Pseudonym Motion.  (ECF No. 10 at 21–22.)  Having granted the Pseudonym Motion, the purpose of the PI has been achieved.  Therefore, the PI is hereby DISCHARGED.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Proceed Under Pseudonyms and to Redact or Seal Identifying Documents (ECF No. 2) is hereby GRANTED, as follows:

The parties are directed to only refer to Plaintiffs by the pseudonyms "John Doe," and

---

[3]   Defendants additionally reserved their right to challenge the pseudonym status with good cause at a later time in the litigation, which this Court deems appropriate.  *See Advanced Textile*, 214 F.3d at 1068–69 (holding a court must "determine the precise prejudice at each stage of the proceedings" because the "balance . . . may change as the litigation progresses.").

1  "Minors A, B, and C" in all filings for this action, with the proviso that the public will not be
2  prevented from observing the proceedings or rulings of the Court.  Plaintiff's request to file under
3  seal any document revealing Plaintiffs' true identities is also GRANTED, with the clarification
4  that to the extent Plaintiffs' true identities can be protected through redaction alone, documents
5  must be redacted instead of sealed.  No document filed under seal shall be open to inspection,
6  expect as provided herein.
7      Pursuant to this Order, Defendants may review the sealed documents and may only reveal
8  Plaintiffs' true identities (or any information or distinguishing characteristics which could reveal
9  Plaintiffs' true identities) to attorneys litigating this case on their behalf.  Defendants and their
10 attorneys shall take all reasonable measures to prevent public disclosure of Plaintiffs' true
11 identities.
12     Any party that believes a document has been sealed or redacted improperly may file a
13 motion to unseal or to delete redactions.  The Court on its own motion may direct a party to show
14 cause as to why a document should not be unsealed or redactions deleted.
15     Plaintiff's Motion for PI is GRANTED and the PI is hereby DISCHARGED.
16     IT IS SO ORDERED.
17 DATED:  January 5, 2021

                                        Troy L. Nunley
                                        United States District Judge