**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
José L. Parra, SBN 318273
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

**OFFICE OF COUNTY COUNSEL**
**COUNTY OF BUTTE**
Bruce S. Alpert, SBN 075684
Brad J. Stephens, SBN 212246
25 County Center Drive
Oroville, CA 95965
TEL: (530) 538-7621
FAX: (530) 538-6891

Attorneys for Defendants
BUTTE COUNTY PROBATION DEPARTMENT and ROXANNE LARA
*Exempt from Filing Fees Pursuant to Government Code § 6103*

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| JOHN DOE individually, and RICHARD ROE on behalf of Minor A, Minor B, and Minor C<br><br>Plaintiffs,<br><br>v.<br><br>BUTTE COUNTY PROBATION DEPARTMENT, ROXANNE LARA, DAWN HOROWITZ-PERSON,<br><br>Defendants.<br>_____ / | **Case No.: 2:20-cv-02248-TLN-DMC**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: February 4, 2021<br>Time: 2:00 PM<br>Dept.: Courtroom 2, 15th Floor<br>Judge: Honorable Troy L. Nunley<br>Compl. Filed: November 9, 2020<br>Trial: None Set |

**OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Respondents BUTTE COUNTY PROBATION DEPARTMENT and ROXANNE LARA ("Respondent") hereby submit the following in Opposition to Plaintiff's Motion for Preliminary Injunction.

## I. INTRODUCTION

Plaintiff is unable to demonstrate that the granting of a preliminary injunction is proper at this juncture. He is unable to demonstrate a likelihood of success on the merits. Moreover, there is not a showing of irreparable harm made. In addition, the balance of equities tip in the favor of Defendants. Finally, the public interest is not served by the granting of a preliminary injunction.

## II. STANDARD OF LAW

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24. When seeking a Preliminary Injunction, a plaintiff "must establish that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. When employing its discretion, a court "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24.

Moreover, "… a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (original emphasis). Although a sliding scale approach is utilized in this circuit, a plaintiff must show "serious questions going to the merits" and "a balance of hardships that tips sharply towards the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). However, the plaintiff still has the burden to demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*

## III. STATEMENT OF FACTS

Plaintiff was convicted of possession of child pornography and is a registered sex offender; he was sentenced to the maximum sentence allowed under California law. (ECF 1, Complaint, ¶¶4, 9, 10, 16.) After his release from prison, Plaintiff was provided with a form titled Release Program Study that noted the terms of his release and which was sent to Butte County to notify of Plaintiff's PRCS release. (ECF 1,

Complaint, ¶14.) The form was sent to Butte County Probation Department in order to determine whether supplemental conditions would be incorporated. (ECF 1, Complaint, ¶14.)

Plaintiff is currently under a PRCS term. (ECF 1, Complaint, ¶12.) Deputy Probation Officer Roxanne Lara is Plaintiff's assigned PRCS Officer; Butte County Probation Department is the supervising county agency. (ECF 1, Complaint, ¶7.) Officer Lara has maintained a respectful and successful supervision relationship with Plaintiff. (ECF 1, Complaint, ¶92.) Officer Lara informed Plaintiff of his ability to seek an internal complaint process within the Butte County Probation Department along with his ability to seek judicial relief in a court due to his discontentment with the PRCS terms that he is obligated to fulfill. (ECF 1, Complaint, ¶93.) Plaintiff told Officer Lara "that he understood his legal rights could be exercised through the courts, but that he was trying to resolve things at the lowest possible level to prevent making waves which might jeopardize his future success on PRCS." (ECF 1, Complaint, ¶93.)

However, Plaintiff never objected through a petition for modification to any special conditions. Moreover, Plaintiff agreed to the PRCS conditions and even acknowledged the special conditions of PRCS. (ECF 18, Order on TRO, pg. 2, fn. 2.) Further, Plaintiff then signed a subsequent set of documents that identified the special conditions at issue before this Court. (ECF 18, Order on TRO, pg. 6.) Plaintiff initialed next to each paragraph that identified each special condition. (ECF 18, Order on TRO, pg. 6.) Plaintiff agreed to these special conditions as a condition of his release along with his agreement that he would sign and agree to special conditions imposed upon him; otherwise, Plaintiff would subject himself to a potential revocation of his PRCS supervision or flash incarceration.

### IV. ARGUMENT

#### A. Plaintiff Is Unable to Show a Likelihood of Success on the Merits.

"Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Envtl. Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020).

#### 1. Status Quo

"The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action." *Cont'l Baking Co. v. Katz*, 68 Cal. 2d 512, 528 (1968). "… [T]he status quo for these purposes can be easily defined as the last actual peaceable, uncontested status which preceded the pending controversy…" *Integrated Dynamic Sols., Inc. v. VitaVet Labs, Inc.*, 6

Cal. App. 5th 1178, 1184 (2016) (internal citations omitted).

Essentially, the granting of a preliminary injunction will not preserve the status quo in this case, but would instead constitute a material change of position from the status quo. Here, the status quo is, as described by this Court, the maintaining of the PRCS conditions that Plaintiff agreed to be subject to prior to his release from prison or, at the latest, on October 12, 2020, when he appeared to the Butte County Probation Department to commence his PRCS term and acknowledged the further terms. (ECF No. 18-7, 13-20.)  The fact that Plaintiff agreed to these terms demonstrates that October 12, 2020, was the last "uncontested status" as he did not contest the incorporation of these terms at this date.

Moreover, Plaintiff's characterization of the status quo as the time period between October 10 and 12 is improper – it fails to properly acknowledge that further PRCS conditions would be subject to a final determination from the supervising agency. The argument that Plaintiff was not subject to any special conditions of supervision from October 10 through 12 contradicts the fact that Plaintiff had notice that the special conditions would be determined later. There are no facts to demonstrate that Plaintiff would not be subject to further conditions upon his release when he actually agreed to be bound by further conditions. Thus, the suggestion that the status quo as the period of being home and not subject to special conditions is self-serving as it fails to properly acknowledge that the special conditions were to be determined on October 12, 2020, and Plaintiff had agreed to be subject to further special conditions as a condition of his release.

Overall, a granting of a preliminary injunction will alter the ability of Defendants to enforce the special conditions that Plaintiff agreed to be bound by and, as such, not preserve the status quo.

### 2. Preemption

Plaintiff incorrectly describes PRCS as a local ordinance that is pre-empted by state law. *Sherwin-Williams Co. v. City of Los Angeles*, 4 Cal. 4th 893, 897 (1993). Ultimately, the legislature has manifested an intent to give counties discretion with requiring additional PRCS conditions: See *People v. Gutierrez*, 245 Cal. App. 4th 393, 399, (2016), *as modified* (Mar. 30, 2016) ("The county supervising agency also has authority to determine additional appropriate conditions of supervision").  There is no municipal ordinance at play before the court. Rather, the express language of PRCS demonstrates a deference that was given to supervising counties when determining whether further special conditions

apply. PRCS expressly authorizes supervising agencies to incorporate further special conditions. It is part of the specific law at issue and is not in conflict with the general laws.

Particularly, California Penal Code §3454(b) provides that "[e]ach county agency responsible for post-release supervision…may determine additional appropriate conditions of supervision…order the provision of appropriate rehabilitation and treatment services…" (emphasis added). From a textual interpretation, the statute affords the supervising agency the discretion to determine what conditions are necessary. See *People v. Superior Court* (*Ward*), 232 Cal. App. 4th 345, 349 (2014) ("If the language of a statute is unambiguous, the plain meaning controls").

Furthermore, the claim that PRCS is affording Defendants the ability to punish misconstrues its purpose and function and the notion has been rejected. It has been determined that the legislature did not intend for the imposition of terms and conditions to be construed as "punishment." *People v. Espinoza*, 226 Cal. App. 4th 635, 640 (2014), *as modified* (June 16, 2014) (stating that "we can reasonably say that the Legislature, like the trial court in the instant case, believed that such terms and conditions are not statutorily imposed as punishment").

Thus, the preemption claim raised by Plaintiff fails.

### 3. Due Process

#### a. Procedural

Plaintiff was always afforded the ability to seek a modification of the special conditions in a superior court for the state of California; however, he failed to do so. "Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Id.* at 333. Under California Penal Code § 1203.2(b), Plaintiff always had the ability to seek modification of the special conditions by virtue of a petition for modification.

Plaintiff waived his procedural due process rights. "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 559 (9th Cir. 2016). "An implied waiver of rights will be found where there is clear, decisive and unequivocal

conduct which indicates a purpose to waive the legal rights involved." *Id.* (internal citations omitted).

After his release from prison, Plaintiff was provided with a form titled Release Program Study that noted the terms of his release and which was sent to Butte County to notify of Plaintiff's PRCS release. (ECF 1, Complaint, ¶14.) The form was sent to Butte County Probation Department in order to determine whether supplemental conditions would be incorporated. (ECF 1, Complaint, ¶14.) Even with this information, Plaintiff knew that the proper method to seek a modification of his PRCS conditions was through a petition for modification in the superior court for the supervising county; Plaintiff told Officer Lara "that he understood his legal rights could be exercised through the courts, but that he was trying to resolve things at the lowest possible level to prevent making waves which might jeopardize his future success on PRCS." (ECF 1, Complaint, ¶93.) Further, Defendants informed Plaintiff of his right to seek judicial relief in the courts (Decl. Lara, ¶6.)

Plaintiff never objected through a petition for modification to any special conditions. Moreover, as this Court noted in its order dated December 9, 2020, Plaintiff agreed to the PRCS conditions and even acknowledged the special conditions of PRCS. (ECF 18, Order on TRO, pg. 2, fn. 2.) Further, Plaintiff then signed a subsequent set of documents that identified the special conditions at issue before this Court. (ECF 18, Order on TRO, pg. 6.) Plaintiff initialed next to each paragraph that identified each special condition. (ECF 18, Order on TRO, pg. 6.) Plaintiff agreed to these special conditions as a condition of his release along with his agreement that he would sign and agree to special conditions imposed upon him; otherwise, Plaintiff would subject himself to a potential revocation of his PRCS supervision or flash incarceration. See *People v. Shelp*, 57 Cal. App. 5th 644, 649 (2020), *as modified on denial of reh'g* (Dec. 8, 2020), *review filed* (Dec. 29, 2020) (discussing that "[i]f the defendant violates his or her PRCS terms, the sanctions may include flash incarceration (up to 10 days jail) or jail sanctions (up to 180 days jail)." Moreover, if Plaintiff disagreed with being subject to PRCS, then CDCR could have determined the question of the PRCS conditions while incarcerated in prison and prior to his release.

Given that Plaintiff never challenged at CDCR before his release or in Butte County Superior Court pursuant to PC 1203.2 once the specific conditions were disclosed, this court must find that Plaintiff agreed to the added PRCS conditions.

Certainly, at all relevant times, Plaintiff was given notice and an opportunity to be heard.

### b. Substantive

"In substantive due process law, deprivation of a right is supportable only if the conduct from which the deprivation flows is prescribed by reasonable legislation that is reasonably applied; that is, the law must have a reasonable and substantial relation to the object sought to be attained." *In re Allison J.*, 190 Cal. App. 4th 1106, 1113 (2010). The imposition of special conditions is not violative of Plaintiff's substantive due process rights. "We adhere to the plain and unambiguous language of the Penal Code. We reject the argument that PRCS is an ex post facto law, or violates appellant's equal protection or due process rights." *People v. Espinoza*, 226 Cal. App. 4th 635, 638 (2014), *as modified* (June 16, 2014). The court further noted in Espinoza:

> "In theory, the section 3453 terms and conditions of PRCS may be onerous and burdensome but they may also be viewed as providing incentive for the recidivist to mend his ways. In other words, we can reasonably say that the Legislature, like the trial court in the instant case, believed that such terms and conditions are not statutorily imposed as punishment. We need not go so far as to say that such terms were motivated from benevolence. It is sufficient to observe that the Legislative largess which resulted in appellant's release from prison came with a price, PRCS. This was the tradeoff. At oral argument, respondent characterized this as a "package deal." Appellant is not permitted to pick and choose which portion of realignment he agrees to and which portion he does not. He who takes the benefit must bear the burden." (Civ.Code, § 3521.)" *Id.* at 640.

In addition, the special conditions imposed on Plaintiff are reasonably related to the protection of the public and the rehabilitation of the offender. (Decl. Carr, ¶¶4-16; Decl. Lara, ¶¶4, 5.) Overall, Plaintiff is unable to establish a likelihood of success under the Due Process claims.

### c. Vague and/or Overbroad

"A condition of supervised release violates due process "if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018). "A supervised release condition is substantively unreasonable if it 'is not reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender,' or if it infringes more on the offender's liberty

than is 'reasonably necessary' to accomplish these statutory goals." *Id.* at 1160-61.

Ultimately, the conditions imposed on Plaintiff are indeed reasonably related to the protection of the public and the rehabilitation of the offender. (Decl. Carr, ¶¶4-16; Decl. Lara, ¶¶4, 5.) These conditions serve the rehabilitative purpose that PRCS stands for. See *Espinoza*, *supra,* 226 Cal. App. 4th at 640.

### 4. First Amendment Right to Familial Association and Right to Free Exercise of Religion

"We begin our resolution of the issue by taking note of the well-established principle that parolees and other conditional releasees are not entitled to the full panoply of rights and protections possessed by the general public." *United States v. Kincade,* 379 F.3d 813, 833 (9th Cir. 2004). "Quite to the contrary, the Court has recognized that "those who have suffered a lawful conviction" are properly subject to a "broad range of [restrictions] that might infringe constitutional rights in free society." *Id.* Moreover, "[t]he test for validity of probation conditions, even where "preferred" rights are affected, is whether the conditions are primarily designed to meet the ends of rehabilitation and protection of the public." *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988). "This test is applied in a two-step process; first, this court must determine whether the sentencing judge imposed the conditions for permissible purposes, and then it must determine whether the conditions are reasonably related to the purposes." *Id.*

In the case at hand, the sentencing judge advised the Plaintiff that he would be subject to some form of supervision upon release. (RJN – Lund Dec. Ex. 2.) Moreover, the special conditions imposed after Plaintiff's release are reasonably related to the underlying offense and its purposes. (Decl. Carr, ¶¶4-16; Decl. Lara, ¶¶4, 5.) Thus, Plaintiff is unable to demonstrate a likelihood of success with demonstrating a violation of his first amendment right to familial association or free exercise of religion.

### 5. Plaintiff Will Not Suffer Irreparable Harm in the Absence of Preliminary Relief.

Plaintiff is unable to demonstrate a showing of irreparable harm because under PRCS he does not enjoy full protections under the First Amendment. As a convicted sex offender that has not completed his PRCS term, Plaintiff does not enjoy the full protection of the First Amendment. *Doe v. Harris*, 772 F.3d 563, 572 (9th Cir. 2014). On a continuum of First Amendment protections, Plaintiff's First

Amendment rights are limited given his status as a PRCS participant. *Id*. at 571 (finding that, on a continuum of First Amendment protections, parole and probation terms allow the government to impose reasonable conditions that deprive offender of certain freedoms). None of the cases cited by Plaintiff that he contends support the argument that a showing of a violation of the First Amendment constitutes a basis to find irreparable harm are made in the context of a sex offender that does not enjoy complete First Amendment rights. Given that Plaintiff is on a PRCS term that has not been completed, Plaintiff is unable to demonstrate irreparable harm as he does not enjoy a full protection of the First Amendment. As noted above, the imposition of the PRCS terms are lawful and were agreed to by Plaintiff and, as such, Plaintiff is not able to make a showing of a colorable First Amendment claim.

Moreover, the suggestion that Plaintiff will suffer irreparable harm is disingenuous as Plaintiff already agreed to the special terms on October 12, 2020. A showing of irreparable harm cannot be made when the Plaintiff agreed to be subject to such terms and conditions that purportedly appear to cause damage to his First Amendment rights.

### 6. The Balance of Equities Do Not Tip in Plaintiff's Favor and the Public Interest is Not Served.

"When the government is a party, we consider the balance of equities and the public interest together." *Envtl. Prot. Info. Ctr.*, *supra,* 968 F.3d at 991. Here, the balance of equities do not tip in favor of Plaintiff nor is the public interest served. Allowing Defendants to continue to maintain the PRCS added terms on Plaintiff serves a viable rehabilitative and treatment services purposes. See *Espinoza*, *supra,* 226 Cal. App. 4th at 640. Moreover, the conditions imposed on Plaintiff are reasonably related to the goal of protecting the community's children in light of the type of underlying offense that Doe was convicted of. (Decl. Carr, ¶¶4-16; Decl. Lara, ¶¶4, 5.)

### V. CONCLUSION

Based on the foregoing, Plaintiff is unable to demonstrate that the granting of a preliminary injunction is proper at this juncture. He is unable to demonstrate a likelihood of success on the merits. Moreover, there is not a showing of irreparable harm made. In addition, the balance of equities tip in the favor of Defendants. Finally, the public interest is not served by the granting of a preliminary injunction.

///

*{02355337.DOCX}* 9
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1 | Date: January 21, 2021

PORTER | SCOTT
A PROFESSIONAL CORPORATION


By /s/ José L. Parra
    Stephen E. Horan
    José L. Parra
    Attorneys for Defendants