Raymond R. Gates (SBN 170240)
Joseph Helfrick (SBN 314258)
**LAURIA TOKUNAGA GATES & LINN, LLP**
1755 Creekside Oaks Drive, Suite 240
Sacramento, California 95833
Telephone: 916.492.2000
Facsimile: 916.492.2500

Attorneys for Defendant
DAWN HORWITZ-PERSON, erroneously sued as DAWN HOROWITZ-PERSON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| JOHN DOE, individually, and RICHARD ROE on behalf of Minor A, Minor B, and Minor C,<br><br>     Plaintiffs,<br><br>     v.<br><br>BUTTE COUNTY PROBATION DEPARTMENT; ROXANNE LARA; DAWN HOROWITZ-PERSON,<br><br>     Defendants. | Case No.: 2:20-CV-02248-TLN-DMC<br><br>**DEFENDANT DAWN HORWITZ-PERSON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>Date:  January 13, 2022<br>Time:  2:00 p.m.<br>Place:  Courtroom 2<br>         510 I Street, 15th Floor<br>         Sacramento, California 95814<br><br>*Assigned to Honorable Troy L. Nunley*<br>*for all Purposes* |

Defendant Dawn Horwitz-Person ("Horwitz-Person") submits the following Opposition to Plaintiffs' Motion for Leave to File a Supplemental Complaint.

### I.     INTRODUCTION AND STATEMENT OF FACTS

Plaintiff John Doe ("Doe") filed the instant lawsuit on November 9, 2020, alleging 13 Causes of Action related to Doe's Post-Release Community Supervision following incarceration resulting from a conviction of possession of child pornography. Defendants Butte County Probation Department and Roxanne Lara filed a Motion to Dismiss on January 11, 2021. Defendant Horwitz-Person filed her standalone Motion to Dismiss that same day. The Court has not issued a ruling on either Motion.

Plaintiff filed the current Motion for Leave to File a Supplemental Complaint on December 10, 2021. Plaintiff's proposed Supplemental Complaint contains approximately 36 pages of new facts that have occurred since all Defendants filed their respective Motions to Dismiss, and includes allegations against a new Defendant, Candace Carr. The proposed Supplemental Complaint also contains 10 new Causes of Action, including violations of Doe's First Amendment rights, violations of Doe's Equal Protection rights pursuant to the Fourteenth Amendment, Malicious Prosecution, Retaliation, and a Taxpayer Suit for Wasted Funds brought pursuant to California Code of Civil Procedure section 526(a).

## II. LEGAL ANALYSIS

### A. Plaintiff's Motion Should Not Be Granted as it Introduces Separate, New, and Distinct Causes of Action and Does Not Serve to Promote Judicial Efficiency.

A court may, on just terms, permit a party to serve a supplemental pleading setting out new transactions or events that occurred after the date of the original pleading. (USCS Fed. Rules Civ. Proc. 15(d)). However, a supplemental pleading cannot be used to introduce a separate, distinct, and new cause of action. (*Planned Parenthood v. Neely* (9th Cir. 1997) 130 F.3d 400, 402). Further, the goal of Rule 15(d) is to promote judicial efficiency. (*Planned Parenthood,* at 402-403).

As noted above, Plaintiff is attempting to introduce several new causes of action, a number of which are incorporated for the first time. These include Plaintiff's Equal Protection, Malicious Prosecution, and Taxpayer Causes of Action. These causes of action are new, separate, and distinct from Plaintiff's original Complaint filed over a year ago. Such causes of action are unrelated and should be the subject of a separate action. Further, allowing for their supplementation will not promote judicial efficiency. They are improper, will add new elements to this case, and will render the parties unable to resolve the entire matter themselves, whether that be by settlement or by further litigation. Accordingly, Plaintiff's request for leave should be denied.

### B. Should the Court Grant Plaintiff's Motion, Defendant Horwitz-Person Requests Her Motion to Dismiss to Proceed Without Need for Re-filing or Supplementation.

Plaintiff's proposed Supplemental Complaint states that there are no new allegations or causes of action raised against Defendant Horwitz-Person. (Plaintiff's Supplemental Complaint, at 2:24-25). The Supplemental Complaint adds only facts and causes of action that arose after the filing of this

lawsuit. As such, it should be construed that Plaintiff's Supplemental Complaint would incorporate the original Complaint. Accordingly, should Doe's Motion be granted, the Court should still be able to consider the arguments raised in Defendant Horwitz-Person's Motion to Dismiss, as opposed to having her file a new Motion. (See *McMann v. Cent. Falls Det. Facility Corp.*, Civil Action No. 12-12294-NMG, 2014 U.S. Dist. LEXIS 34429, at *4 (D. Mass. Mar. 17, 2014).) Because there are no new allegations that would render Horwitz-Person's Motion moot, it would be pragmatic and more efficient to allow the Motion to be heard on its merits.

### III.   CONCLUSION

Based on the foregoing, Defendant Horwitz-Person respectfully requests that this Court deny Plaintiffs' Motion for Leave to File a Supplemental Complaint.

Dated: December 29, 2021         **LAURIA TOKUNAGA GATES & LINN, LLP**

By:   */s/ Raymond R. Gates*
        Raymond R. Gates, Esq. (SBN: 170240)
        Joseph G. Helfrick, Esq. (SBN: 314258)
        Attorneys for Defendant
        DAWN HORWITZ-PERSON