UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually, and RICHARD ROE on behalf of Minor A, Minor B, and Minor C,<br><br>        Plaintiffs,<br><br>    v.<br><br>BUTTE COUNTY PROBATION DEPARTMENT; ROXANNE LARA; DAWN HOROWITZ-PERSON,<br><br>        Defendants. | No. 2:20-cv-02248-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Plaintiffs John Doe ("Doe") and Richard Roe's (collectively "Plaintiffs") Motion for Leave to File a Supplemental Complaint. (ECF No. 65.) Defendant Dawn Horwitz-Person[1] ("Horwitz-Person") opposes the motion. (ECF No. 66.) Defendant Butte County Probation Department ("Butte County") and Roxanne Lara ("Lara" or collectively "County Defendants") separately oppose the motion. (ECF No. 67.) Plaintiffs filed a reply. (ECF No. 70.) For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Leave to File a Supplemental Complaint. Also pending before the Court are County Defendants'

---

[1] Defendant refers to herself as "Dawn Horwitz-Person" in her opposition. (ECF No. 66.) Although the operative Complaint (ECF No. 1) and the summons (ECF No. 3) refer to her as "Dawn Horowitz-Person," the Court will refer to this individual by the name used in her moving papers: "Dawn Horwitz-Person."

1

Motion to Dismiss (ECF No. 34) and Defendant Horwitz-Person's Motion to Dismiss (ECF No. 35), which are DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Doe was charged and convicted of possession of child pornography and sentenced to five years in state prison. (ECF No. 1 at 2–3.) Doe served his prison sentence and was released from custody of the California Department of Corrections and Rehabilitation ("CDCR"). (*Id.* at 3.) CDCR determined Doe was not a high-risk offender and released Doe into a Post-Release Community Supervision ("PRCS") program, rather than parole. (*Id.*) Doe owns a home and has family ties in Butte County and was released as a PRCS participant under the supervision of Butte County Probation Department ("BCPD"). (*Id.*) The CDCR issued a "Release Program Study" to BCPD which documented the terms of agreement for Doe's release. (*Id.*) Doe reported to BCPD for PRCS supervision and was given a new list of conditions and restrictions beyond those outlined in the Release Program Study. (*Id.*)

On November 9, 2020, Plaintiffs filed suit alleging the supplemental conditions and restrictions imposed by BCPD violated U.S.C. § 1983, and Plaintiffs' rights under the United States Constitution, and the California Constitution. (ECF No. 1.) On January 11, 2021, County Defendants filed a motion to dismiss. (ECF No. 34.) On January 11, 2021, Defendant Horwitz-Person also filed a motion to dismiss. (ECF No. 35.) On December 10, 2021, Plaintiffs filed the instant motion for leave to file a supplemental complaint. (ECF No. 65.) On December 29, 2021, Defendant Horwitz-Person filed an opposition. (ECF No. 66.) On December 30, 2021, County Defendants filed an opposition. (ECF No. 67.) On January 4, 2022, Plaintiffs filed a reply. (ECF No. 70.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 15 governs amended and supplemental pleadings. Fed. R. Civ. P. 15. Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

---

[2] The following recitation of facts is taken, sometimes verbatim, from ECF No. 1.

2

1  occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R.
2  Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d)
3  provides a mechanism for parties to file additional causes of action based on facts that didn't exist
4  when the original complaint was filed") (citing *Cabrera v. City of Huntington Park*, 159 F.3d
5  374, 382 (9th Cir. 1998) (per curiam)).

6  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental
7  pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "In deciding whether to permit a
8  supplemental pleading, a court's focus is on judicial efficiency." *Yates v. Auto City 76*, 299
9  F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Planned Parenthood of S. Az. v. Neely (Neely)*, 130 F.3d
10 400, 402 (9th Cir. 1997)). The use of supplemental pleadings is "favored" because it enables a
11 court to award complete relief in one action "to avoid the cost, delay and waste of separate
12 actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473 (citing *New*
13 *Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963), cert. denied, 367 U.S. 963
14 (1964); *Yates*, 299 F.R.D. at 613 (citation omitted)). The Supreme Court has stated that new
15 claims, new parties, and events occurring after the original action are all properly permitted under
16 Rule 15(d). *Keith*, 858 F.2d at 475 (citing *Griffin v. County School Bd. of Prince Edward County*,
17 377 U.S. 218, 226–27 (1964)). Moreover, even though supplemental proceedings are "favored,"
18 they "cannot be used to introduce a separate, distinct, and new cause of action." *Neely*, 130 F.3d
19 at 402 (citations omitted). Rather, matters newly alleged in a supplemental complaint must have
20 "some relation to the claims set forth in the original pleading." *Keith*, 858 F.2d at 474. "[T]he
21 fact that a supplemental pleading technically states a new cause of action should not be a bar to its
22 allowance, but only a factor to be considered by the court in the exercise of discretion . . . [.]" *Id.*

23 "The legal standard for granting or denying a motion to supplement under Rule 15(d) is
24 the same as the standard for granting or denying a motion under Rule 15(a)." *Yates*, 299 F.R.D.
25 at 614 (citing *Athena Feminine Techs., Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at
26 *2 (N.D. Cal. Feb. 6, 2013)) (internal quotations omitted). Courts commonly apply the five
27 *Foman* factors to Rule 15(d) motions: (1) undue delay; (2) bad faith or dilatory motive on the part
28 of the movant; (3) repeated failure of previous amendments; (4) undue prejudice to the opposing

3

1    party; and (5) futility of the amendment.  *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203,
2    214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Natural Resources*
3    *Defense Council v. Kempthorne*, No. 1:05-cv-01207-LGO GSA, 2016 WL 8678051 (E.D. Cal.
4    Apr. 22, 2016).  Among these five factors, "it is the consideration of prejudice to the opposing
5    party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
6    1052 (9th Cir. 2003).  "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is
7    a presumption in favor of granting leave to supplement." *Lyon*, 308 F.R.D. at 214 (citing
8    *Eminence Capital*, LLC, 316 F.3d at 1052)).  Supplementation should be permitted where doing
9    so would serve Rule 15(d)'s goal of judicial efficiency, and a court should assess whether an
10   entire controversy can be settled in one action. *See Neely*, 130 F.3d at 402.

11   **III.    ANALYSIS**

12   County Defendants argue Plaintiffs' proposed supplemental complaint improperly
13   concerns events which predate the original Complaint and therefore fails to comply with Rule
14   15(d).  (ECF No. 67 at 7.)  Additionally, County Defendants oppose the granting of leave to file a
15   supplemental complaint based on two *Foman* factors: (1) undue prejudice to the opposing party;
16   and (2) futility of amendment.  (*Id.* at 2, 6.)  County Defendants and Horwitz-Person both argue
17   Plaintiffs' instant motion would obstruct judicial efficiency.  (ECF No. 66 at 2; ECF No. 67 at 2.)
18   First, the Court will determine whether Plaintiffs' proposed supplemental complaint properly
19   complies with Rule 15(d).  Second, the Court will turn to an analysis of the applicable *Foman*
20   factors to determine whether amendment is permissible under Rule 15(d).  Finally, the Court will
21   evaluate the question of judicial efficiency.

22              A.    Compliance with Rule 15(d)

23   Defendant Horwitz-Person argues Plaintiffs' proposed supplemental complaint contains
24   new, separate, and distinct causes of action which should be the subject of a separate action.
25   (ECF No. 66 at 2.)  County Defendants argue Plaintiffs' proposed supplemental complaint
26   concerns events which predate the original Complaint, and "are not the proper subject of a
27   supplemental complaint."  (ECF No. 67 at 7.)  In reply, Plaintiffs argue the supplemental claims
28   are sufficiently related to the original Complaint and are properly based on events occurring after

4

the original Complaint was filed. (ECF No. 70 at 3.)

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed."); *see also Ctr. for Food Safety v. Vilsack*, No. C 10–04038 JSW, 2011 WL 672802, at *3 (N.D. Cal. Feb.18, 2011) (treating a Rule 15(a) motion to amend as a Rule 15(d) motion to supplement where plaintiff seeks to allege facts occurring after the original pleading was filed). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474. "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Id.* (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985)). "Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Id.* at 475 (quoting *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 226–27 (1964).

Here, there is clearly a relationship among the claims in the supplemental complaint and the claims in the original action. Plaintiffs' original Complaint was principally concerned with the legality and constitutionality of additional PRCS conditions imposed by BCPD. (*See* ECF No. 1.) The proposed supplemental complaint alleges additional causes of action related to the PRCS program but are premised on events which occurred after the filing of the original Complaint. (ECF No. 70 at 3–4.) The new causes of action are sufficiently related to the claims in the original Complaint and are properly included in a supplemental complaint to promote the economical and speedy disposition of the controversy. *See Keith*, 858 F.2d at 473; *see also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th

1  Cir.1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute
2  between the parties as possible by allowing the addition of claims which arise after the initial
3  pleadings are filed.")

4  County Defendants argue Plaintiffs' supplemental complaint improperly includes equal
5  protection claims and a "Taxpayer Suit for Wasted Funds" claim, which simply provide
6  additional legal theories to attack Plaintiffs' PRCS conditions. (ECF No. 67 at 7.) In reply,
7  Plaintiffs contend the equal protection claims arose "from the specific events and new therapy
8  requirements that were demanded of Doe in the spring of 2021, well after the original
9  Complaint's filing." (ECF No. 70 at 4.) Additionally, Plaintiffs contend the "Taxpayer Suit for
10 Wasted Funds" claim only arose after Butte County Probation Supervising Officer Candice Carr
11 filed a declaration on January 21, 2021 (ECF No. 39), where Plaintiffs learned BCPD personnel
12 considered its actions to be "standard" practice. (*Id.* at 4.) The Court finds the supplemental
13 claims arose from events occurring after the filing of the original Complaint and they are
14 therefore the proper subject of a motion to supplement under Rule 15(d).

15                    B.  Applicable *Foman* Factors

16 Courts commonly apply the following five *Foman* factors to Rule 15(d) motions: (1)
17 undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of
18 previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the
19 amendment. *Foman*, 371 U.S. at 182. County Defendants oppose the granting of a supplemental
20 complaint based on two of the five *Foman* factors: undue prejudice to the opposing party and
21 futility of amendment. (ECF No. 67 at 2, 6.) The Court will analyze both applicable *Foman*
22 factors.

23                         *i.  Undue Prejudice*

24 County Defendants argue that granting leave to supplement the pleadings would be
25 prejudicial because motions to dismiss on the original Complaint have been fully briefed and are
26 actively pending. (ECF No. 67 at 2.) Plaintiffs' proposed supplemental complaint "raises several
27 similar legal issues" and would necessitate "a second motion [to dismiss] largely duplicative of
28

6

the pending motion [to dismiss]." (*Id.* at 3.) In reply, Plaintiffs contend Defendants fail to meet their burden to show prejudice. (ECF No. 70 at 6.)

As with a motion to amend under Rule 15(a), prejudice to the opposing party is a valid consideration when determining whether to allow supplemental pleadings under Rule 15(d). *See Eminence*, 316 F.3d at 1052. "Prejudice may be established in a variety of ways, such as where a motion to amend is made after the cutoff date for such motions, or when discovery has already closed or is about to close." *Lyon*, 308 F.R.D. at 214 (citing *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *see also Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138–39 (9th Cir. 1998). Nevertheless, the Ninth Circuit has affirmed a district court's grant of leave to supplement even when it would require reopening discovery, as "most of the information on the added claim would be available in [defendant's] own files" and "little additional discovery would be needed." *Lyon*, 308 F.R.D. at 215 (quoting *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986)). "The party opposing leave to amend bears the burden of showing prejudice." *U.S. v. Somnia, Inc.*, 339 F. Supp. 3d 947, 958 (E.D. Cal. 2018) (quoting *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004)); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

County Defendants fail to meet their burden to show prejudice. County Defendants argue they would be prejudiced if the motion is granted because they would be forced to file a "second motion [to dismiss] largely duplicative of the pending motion [to dismiss]," forcing them to challenge the same claims twice. (ECF No. 67 at 3.) The Court disagrees. The Court acknowledges County Defendants will need to renew their motion to dismiss in response to the supplemental allegations, however this does not amount to cognizable prejudice. Typically, "a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth." *Yates*, 299 F.R.D. at 614. Here, discovery has not started, answers have not been filed, and Defendants have failed to meet their burden to show the type of prejudice that is usually cognizable by courts. *See Id.* This factor favors granting Plaintiffs' motion for leave to file a supplemental complaint.

//

          *ii.  Futility*

County Defendants argue the claims raised in the proposed supplemental complaint will be mooted by a favorable decision on the pending motion to dismiss, and therefore County Defendants imply the proposed supplemental complaint is futile.  (ECF No. 67 at 6.)  In reply, Plaintiffs contend County Defendants have failed to identify anything facially futile about the proposed supplemental complaint.  (*Id.*)

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), implied overruling recog. on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.") (citations and internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988).  Denial of such motions on futility grounds is "rare."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Id.* (citation omitted).

County Defendants hypothesize that *if* the Court rules in their favor on the pending motion to dismiss, *then* the claims in Plaintiffs' proposed supplemental complaint would be mooted and therefore futile.  (ECF No. 67 at 6.)  However, the Court has not ruled on the pending motion to dismiss, thus County Defendants' hypothesis is unavailing.  A speculative ruling that the Court has never made cannot be a proper basis to deny Plaintiffs' motion to file a supplemental complaint.  This factor favors granting Plaintiffs' motion to file a supplemental complaint.

        C.  <u>Judicial Efficiency</u>

Defendant Horwitz-Person and County Defendants both argue that granting the instant motion would obstruct judicial efficiency but disagree on the nature of the obstruction.  (ECF No. 66 at 2; ECF No. 67 at 2.)  Defendant Horwitz-Person argues Plaintiffs' motion introduces

1 separate, new, and distinct causes of action that "should be the subject of a separate action."
2 (ECF No. 66 at 2.) County Defendants take the opposite position, arguing the proposed
3 supplemental complaint raises similar legal issues to the original Complaint, and it would be more
4 judicially efficient if the Court were to decide on the pending motions to dismiss before allowing
5 supplemental briefing. (ECF No. 67 at 3.) In reply, Plaintiffs contend the proposed supplemental
6 complaint is a "discrete and logical extension of the original claims in this case." (ECF No. 70 at
7 4.) Plaintiffs further contend that supplementation serves the interest of judicial economy here
8 because "the entire controversy between the parties could be settled in one action . . . ." (*Id.*)
9 (citing *Flores v. City of Tulare*, No. 10-CV-00394-AWI-BAM, 2011 WL 5240428, at *4 (E.D.
10 Cal. Nov. 1, 2011)).

11 The Court finds that on balance, judicial efficiency would best be served by allowing
12 supplementation, rather than forcing Plaintiffs to file a separate action, as suggested by Defendant
13 Horwitz-Person. "In deciding whether to permit a supplemental pleading, a court's focus is on
14 judicial efficiency." *See Yates*, 299 F.R.D. at 613. The Court agrees with County Defendants
15 that it would be inefficient to permit a two-part operative complaint[3] and multiple pending
16 motions to dismiss. The Court requests Plaintiffs file an amended complaint ("First Amended
17 Complaint") that integrates the operative Complaint and the proposed supplemental complaint.
18 Defendant Horwitz-Person can renew her motion to dismiss to respond to the First Amended
19 Complaint with minimal burden because the proposed supplemental complaint contains no new
20 allegations against her. (ECF No. 66 at 2–3.) County Defendants can amend their motion to
21 dismiss with minimal burden because the legal theories in the original motion to dismiss can be
22 applied to the allegations in the supplemental complaint. In fact, County Defendants argue the
23 proposed supplemental complaint raises claims that are so similar to the claims in the original
24 Complaint that they "may be rendered moot if the Court rules in the County Defendants' favor on
25 some or all of those issues [in the pending motion to dismiss]." (ECF No. 67 at 4.) The Court

---

[3] Plaintiffs' proposed supplemental complaint is drafted as a supplement, expanding upon the Complaint and unable to stand alone. (*See* ECF No. 65-1.)

9

finds that County Defendants will be minimally burdened by renewing their motion to dismiss to respond to such "similar" claims alleged in Plaintiffs' proposed supplemental complaint. The resulting integrated First Amended Complaint, and responsive motions to dismiss, would satisfy the judicial efficiency goal of Rule 15(d). *Yates*, 299 F.R.D. at 613. This factor favors granting Plaintiffs' motion for leave to file a supplemental complaint.

The Court finds that allowing Plaintiffs to file an amended complaint that integrates the proposed supplemental complaint[4], will enable it to award complete relief in one action and avoid waste associated with separate actions. *Neely*, 130 F.3d at 402; *Keith*, 858 F.2d at 473; *Yates*, 299 F.R.D. at 613.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' Motion for Leave to File a Supplemental Complaint. (ECF No. 65.) The Court ORDERS Plaintiffs to file a First Amended Complaint, combining the original Complaint with the proposed supplemental complaint. (ECF No. 65-1.) Plaintiffs may file their First Amended Complaint not later than fourteen (14) days from the electronic filing date of this Order. Defendants shall file an answer to the First Amended Complaint not later than thirty (30) days after the electronic filing date of the First Amended Complaint. The First Amended Complaint will supersede the original Complaint. (ECF No. 1.) County Defendants' Motion to Dismiss (ECF No. 34) and Defendant Horwitz-Person's Motion to Dismiss (ECF No. 35), are DENIED as moot.

//

---

[4] In reply, Plaintiffs disclose the existence of "two additional tort law claims — for false imprisonment and negligence — that are not yet ripe under the California Tort Claim Act . . . therefore if the Court orders a First Amended Complaint be filed, these two additional claims could be incorporated and there would be no further anticipated amendments from Plaintiffs." (ECF No. 70 at 8.) Defendants have not had an opportunity to oppose the additional tort law claims and they were not included in the proposed supplemental complaint. (*See* ECF No. 65-1.) The Court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief. *See, e.g.*, *Serpa v. SBC Telecommunications, Inc.*, No. C 03-4223 MHP, 2004 WL 2002444, *5 n.4 (N.D. Cal. Sept. 7, 2004); *In re Lal*, No. C 01-1507 VRW, 2002 WL 449661 *3 (N.D. Cal. Mar. 15, 2002); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001). If Plaintiffs wish to amend further, Plaintiffs may file a motion which this Court will entertain at that time.

IT IS SO ORDERED.

DATED: March 8, 2022

                        Troy L. Nunley
                        United States District Judge