**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOHN DOE and JANIE DOE, individually, and RICHARD ROE, on behalf of MINOR B and MINOR C,

Plaintiffs,

v.

BUTTE COUNTY PROBATION DEPARTMENT, et al.,

Defendants.

No. 2:20-CV-02248-DJC-ICD

FINDINGS AND RECOMMENDATIONS ON COUNTY DEFENDANTS' MOTION TO DISMISS

Plaintiffs, proceeding with counsel, bring this civil rights action under 42 U.S.C. § 1983 and California law challenging the conditions of post-release community supervision ("PRCS") imposed on Plaintiff John Doe after his release from state prison. ECF No. 83. Before the Court is the motion of Defendants Butte County Probation Department ("BCPD" or "the County"), Roxanne Lara, and Candice Carr (collectively, "County Defendants") to dismiss Plaintiffs' third amended complaint ("TAC") under Federal Rule of Civil Procedure 12(b)(6), together with their request for judicial notice. ECF Nos. 87, 87-2; *see* ECF Nos. 94, 95 (sealed). Plaintiffs oppose the motion and the request, ECF Nos. 90, 92, and the County Defendants have replied, ECF No. 97. The District Judge referred the motion to the undersigned under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 105. The motion was submitted without oral argument, ECF Nos. 93, 100, and is suitable for decision on the papers. *See* E.D. Cal. L.R. 230(g). Defendant Dawn Horwitz-Person's separate motion to dismiss, ECF No. 88, is addressed in findings and recommendations issued concurrently.

For the reasons below, the undersigned recommends that the motion be granted in part and denied in part. In brief, Lara and Carr are absolutely immune from damages for imposing Doe's

special conditions, and California Government Code section 845.8(a) bars Plaintiffs' state-law damages claims against the County Defendants. Because Doe is no longer under supervision, Plaintiffs lack standing to seek prospective relief on those state-law claims, so nothing remains of them. Absolute immunity does not, however, reach Lara's administration of the conditions, and Plaintiffs plausibly allege that she unconstitutionally interfered with their familial association. That claim, the related conspiracy claim, the retaliation claim based on the revocation petitions, and the municipal-liability and taxpayer claims against the County should proceed. Several other claims should be dismissed with leave to amend, and the request for judicial notice should be granted in part.

## I. BACKGROUND

### A. Procedural History

Plaintiffs filed this action on November 9, 2020. ECF No. 1. Defendants' motions to dismiss the original complaint were denied as moot when the Court granted Plaintiffs leave to file a supplemental complaint. ECF Nos. 34, 35, 71. Plaintiffs then filed a first amended complaint, which added Carr, ECF No. 72, and, by stipulation, a second and then a third amended complaint, ECF Nos. 78, 80, 82, 83. The TAC, filed May 6, 2022, is the operative pleading, and no court has yet ruled on the sufficiency of any of Plaintiffs' pleadings. The County Defendants filed the pending motion on June 10, 2022, and briefing closed in July 2022. ECF Nos. 87, 90, 92, 97.

After two reassignments, the District Judge referred the pending motions to dismiss to the assigned Magistrate Judge on October 25, 2024. ECF Nos. 98, 100, 105. On November 22, 2024, the District Judge approved the substitution of Janie Doe, formerly identified as Minor A, as a plaintiff in her own right. ECF No. 107. The action was reassigned to the undersigned on September 11, 2026. ECF No. 109.

### B. Plaintiffs' Allegations

The following allegations are taken from the third amended complaint and are accepted as true for purposes of the pending motion.

Doe was convicted in state court of possession of child pornography and was sentenced to five years in prison. ECF No. 83, ¶¶ 14, 17, 19. He has maintained his innocence. *Id.* ¶¶ 16, 34,

37-38. No contact offense was ever alleged against him. A child-protection investigation and a court-ordered psychological examination raised no concern that he posed a risk to his own children, and the sentencing court did not restrict his contact with them. *Id.* ¶¶ 14-15, 19.

Doe was released by operation of law on October 10, 2020, to PRCS under BCPD's supervision. *Id.* ¶¶ 21-22, 28. Before his release, BCPD returned CDCR's notice-of-conditions form with "TBD" written in the space for special conditions, and a CDCR parole officer told Doe that "this is typical of Butte County." *Id.* ¶¶ 23-27. Two days after his release, BCPD gave Doe an extensive list of special conditions; when he said he was having trouble processing them, BCPD staff told him, "You do not need to agree with the terms, but you do have to sign." *Id.* ¶¶ 29-30. Among other things, the conditions required Doe to "successfully" participate in sex offender specific therapy and to waive the confidentiality of that treatment, including as to the court and the district attorney. They also barred him from living with anyone having care or custody of minors, and from contact with minors, including his own children, except in the presence of a "responsible adult" approved in advance by his probation officer. *Id.* ¶¶ 51-52, 55-56, 60-61, 75-78.

Defendant Lara, Doe's probation officer, at first told Doe that she had prepared the conditions, but later told him that they were required and that she had no say in them. *Id.* ¶¶ 7, 40. Defendant Carr, a supervising probation officer, later described certain conditions as "standard" within BCPD. *Id.* ¶¶ 9, 40. Lara told Doe that there was no process for appealing the conditions. *Id.* ¶ 44.

Lara told Doe that he could not live at home until the therapist she assigned him said it was safe, and that she could not approve his wife as a "responsible adult" without that therapist's approval. *Id.* ¶¶ 31-32, 36. She directed him to Defendant Horwitz-Person, a therapist who "works in cooperation with" BCPD. *Id.* ¶¶ 8, 33. Horwitz-Person told Doe that, because he maintained his innocence, her approval could not come for at least six months, and that she could approve his wife only if Doe admitted the crime and his wife affirmed it. *Id.* ¶¶ 34, 37-38. Lara and Carr would not approve Doe's return home without Horwitz-Person's approval, and Horwitz-Person would not give it without an admission, which would be disclosed, without immunity, to

the County Defendants, the district attorney, and the courts. *Id.* ¶ 143.

Lara rejected every alternative Plaintiffs proposed, including Doe's living in a trailer on the family's property, daytime visits supervised by his wife, and telephone calls, telling Doe that she needed Horwitz-Person's approval or that the restrictions were a "black and white rule." *Id.* ¶¶ 130-34. In March 2021, she told him that getting his children back "was his choice" and that the restrictions reflected BCPD's policy. *Id.* ¶¶ 178, 182. Doe had no contact with his children from October 12, 2020, until July 7, 2021. *Id.* ¶¶ 127, 252.

After this action was filed, the children wrote to Lara asking that Doe be allowed to spend Christmas Day with the family; Lara never responded. *Id.* ¶¶ 175-76. Doe's similar requests were also declined or went unanswered. *Id.* ¶¶ 177-82. The children then filed complaints with BCPD, including a citizen's complaint on a form stating that the complainant would be interviewed; no one from BCPD contacted them. *Id.* ¶¶ 183-85.

Horwitz-Person stopped treating Doe in December 2020, and Lara directed him to another provider, New Beginnings, which declined to treat him after he would not sign its intake paperwork without a copy for his attorney to review. *Id.* ¶¶ 201-02, 206, 209-31. Lara deemed Doe in violation of the treatment condition, and BCPD, acting through Lara and Carr, petitioned the superior court to revoke his PRCS, seeking 180 days in jail and an order imposing the treatment condition. *Id.* ¶¶ 234-36, 274. The court summarily revoked Doe's PRCS pending a ruling on his demurrer and released him on his own recognizance. It then sustained his demurrer to the petition and to an amended petition, the second time without leave to amend, and reinstated him on PRCS. *Id.* ¶¶ 238-42. Plaintiffs allege that the petitions were retaliatory. *Id.* ¶ 285.

In June 2021, Lara allowed Doe to move to Mendocino County, whose probation department accepted him into its PRCS program on July 7, 2021, without imposing the family restrictions or the treatment requirement. *Id.* ¶¶ 247-54. Doe was discharged from PRCS effective October 10, 2021, and now lives at home with his family. *Id.* ¶¶ 4, 255-56.

**C. Plaintiffs' Claims**

The TAC asserts twenty-six claims. ECF No. 83, ¶¶ 103-341. All but the Fifth through Eighth Claims are asserted only against one or more of the County Defendants, and unless

otherwise noted, Doe is the only plaintiff. Most of the claims come in pairs including a claim under § 1983 for violation of a federal right, followed by a claim under California's Bane Act, Cal. Civ. Code § 52.1, for interference with a parallel right under the California Constitution.

Six pairs follow the same pattern, with the § 1983 claim asserted against Lara and Carr and the Bane Act claim against all three County Defendants. They allege that Doe's conditions, or the County Defendants' enforcement of them, denied Plaintiff due process (Second and Third Claims; Cal. Const. art. I, § 7), burdened his free exercise of religion (Ninth and Tenth Claims; Cal. Const. art. I, § 4), chilled his speech (Eleventh and Twelfth Claims; Cal. Const. art. I, § 2), denied him equal protection (Fifteenth and Sixteenth Claims; Cal. Const. art. I, § 7), and inflicted cruel and unusual punishment (Twenty-First and Twenty-Second Claims; Cal. Const. art. I, § 17). They also allege that the petitions to revoke Doe's PRCS amounted to malicious prosecution (Seventeenth and Eighteenth Claims; Cal. Const. art. I, § 7).

The remaining groups differ in their parties. All Plaintiffs allege interference with their familial association, including under § 1983 against Lara and Carr (Fourth Claim) and, as a conspiracy, against Lara, Carr, and Horwitz-Person (Fifth Claim); and under the Bane Act against the County Defendants and Horwitz-Person (Sixth Claim; Cal. Const. art. I, §§ 1, 2). Doe alleges that Lara, Carr, and Horwitz-Person conspired to coerce a confession from him, under § 1983 against those three (Seventh Claim) and under the Bane Act against the County Defendants and Horwitz-Person (Eighth Claim; Cal. Const. art. I, § 7). The children allege that Lara and the County retaliated against them for petitioning the government, under § 1983 (Thirteenth Claim) and the Bane Act (Fourteenth Claim; Cal. Const. art. I, § 3). And Doe alleges that Lara and Carr petitioned to revoke his PRCS in retaliation for protected activity, under § 1983 (Nineteenth Claim) and the Bane Act (Twentieth Claim; Cal. Const. art. I, §§ 2, 3).

Five claims stand on their own footing. The First Claim alleges, against the County Defendants, that County policy is preempted by state law under article XI, section 7 of the California Constitution. The Twenty-Third and Twenty-Fourth Claims assert state-law claims for false imprisonment and negligence against Lara and Carr. The Twenty-Fifth Claim, brought by all Plaintiffs, asserts municipal liability against the County under § 1983. And the Twenty-Sixth

Claim is Doe's taxpayer action against the County under California Code of Civil Procedure section 526a.

The § 1983 claims against Lara and Carr are asserted against them in their individual capacities. ECF No. 83, pp. 31, 34, 37, 40-41, 43, 47, 62, 67, 69-70. The TAC seeks compensatory and punitive damages, civil penalties, fees, and costs; a series of orders under section 526a directed to BCPD's practices; and "any appropriate equitable, declaratory, or other relief the Court may deem proper under the Tom Bane Act to eliminate a pattern or practice of interference" with protected rights. *Id.* pp. 79-81.

**D. The Pending Motion**

The County Defendants move to dismiss every claim asserted against them. ECF No. 87. They argue that (1) the PRCS Act authorized the County to impose the challenged conditions; (2) Doe consented to the conditions, and his claims are barred by waiver and estoppel; (3) California Government Code section 845.8(a) immunizes all of the County Defendants from all of Plaintiffs' claims; (4) Lara and Carr are entitled to absolute and qualified immunity; and (5) various claims are inadequately pleaded. ECF No. 87, pp. 2-9; ECF No. 87-1, pp. 8-27.

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). All ambiguities or doubts must also be resolved in the plaintiffs' favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of

the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Dismissal under Rule 12(b)(6) may rest on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). The Court may, however, consider certain materials without converting the motion to dismiss into a motion for summary judgment, such as: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); (2) documents whose authenticity is not in question, upon which the complaint necessarily relies, but which are not physically attached to the complaint, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); and (3) documents and materials of which the Court may take judicial notice, *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). These exceptions have limits: the Court may take judicial notice of matters of public record, but not of disputed facts contained in them, and may not assume the truth of an incorporated document where doing so would only serve to dispute facts stated in a well-pleaded complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1003 (9th Cir. 2018).

## III. DISCUSSION

### A. Request for Judicial Notice

The County Defendants ask the Court to take judicial notice of the California Court of

Appeal's opinion affirming Doe's conviction. ECF No. 87-2; ECF No. 95 (sealed). Plaintiffs do not dispute the opinion's existence or that it affirmed the conviction, but they object to notice of its factual statements. ECF No. 92, pp. 2-4. The Court may take judicial notice of state court records. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 530 F.3d 883, 894 (9th Cir. 2008); *Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 563 (9th Cir. 1964). It may notice their existence and content, but not the truth of disputed facts recited in them. *See Khoja*, 899 F.3d at 999; *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Because the motion relies on the opinion only for the fact of the affirmance, ECF No. 87-1, p. 8, the request should be granted to that extent and otherwise denied.

**B. Defenses Directed at Plaintiffs' Claims as a Whole**

1. Consent, Waiver, and Estoppel

The County Defendants argue that most of Plaintiffs' claims are barred by "waiver, equitable estoppel, and failure to accept the burdens of an agreement" because Doe signed his special conditions and never petitioned the superior court to modify them under California Penal Code section 1203.2(b)(1). ECF No. 87, p. 9; ECF No. 87-1, pp. 26-27; ECF No. 97, p. 9. Waiver and estoppel are affirmative defenses, see Fed. R. Civ. P. 8(c)(1), which support dismissal only when they are apparent from the face of the complaint, *see Jones v. Bock*, 549 U.S. 199, 215 (2007); *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). They are not apparent here.

To begin, the TAC alleges no bargain. Doe was released to PRCS by operation of law upon completing his prison term. *See* Cal. Penal Code § 3451(a); ECF No. 83, ¶ 21. PRCS conditions "are imposed without the need for the defendant's agreement"; they "are not a matter of choice, and there is no voluntary consent to the conditions." *People v. Jones*, 231 Cal. App. 4th 1257, 1266, 1267 n.8 (2014). Indeed, BCPD staff told Doe, "You do not need to agree with the terms, but you do have to sign." ECF No. 83, ¶ 30. His signature therefore shows no agreement, and it would not establish a knowing and voluntary waiver of his right to challenge the conditions' constitutionality in any event. *See Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 969 (9th Cir. 2011) (per curiam); *Gete v. INS*, 121 F.3d 1285, 1293 (9th Cir. 1997); *see also United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975) (en banc)

(government's burden to justify probation conditions that restrict constitutional rights "cannot be avoided by asserting . . . that the probationer has voluntarily waived his rights").

The County Defendants' other theories fare no better. The availability of defenses to a § 1983 claim is a question of federal law, see Howlett v. Rose, 496 U.S. 356, 375-76 (1990), so California's equitable maxims, Cal. Civ. Code §§ 1589, 3521, do not control. People v. Espinoza, 226 Cal. App. 4th 635, 638-40 (2014), addressed a resentenced defendant's argument that he should not be subject to PRCS at all, not a challenge to particular conditions. The TAC does not establish the elements of estoppel, which include that the party asserting it was ignorant of the true facts and relied on the other party's conduct to its injury. *See United States v. Georgia-Pacific Co.*, 421 F.2d 92, 96 (9th Cir. 1970). And the County Defendants' reliance on the superseded original complaint and on a footnote in the order resolving Plaintiffs' motion for a temporary restraining order, ECF No. 87-1, p. 27 (citing ECF No. 1, ¶ 93; ECF No. 18, p. 2 n.2), is misplaced. The original complaint is no longer operative, and findings made in connection with preliminary relief do not bind later stages of the litigation. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Finally, Doe did not forfeit his claims by not petitioning the superior court. Exhaustion of state administrative remedies is not a prerequisite to an action under § 1983. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). Nor must a plaintiff first seek relief in state court: "The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Monroe v. Pape*, 365 U.S. 167, 183 (1961), overruled on other grounds by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The County Defendants cite no authority making such a petition a prerequisite to Plaintiffs' state-law claims. These defenses should be rejected, without prejudice to raising them on a developed record.

2. <u>The County's Authority Under the PRCS Act</u>

Throughout their motion, the County Defendants argue that the PRCS Act authorizes counties to impose additional conditions of supervision. ECF No. 87-1, pp. 9-11, 21-25. The Act permits the supervising agency to "determine additional appropriate conditions of supervision listed in Section 3453 consistent with public safety" and to "order the provision of appropriate

rehabilitation and treatment services," Cal. Penal Code § 3454(b). Any additional conditions must be "reasonably related" to the offense, the offender's risk of recidivism, and his criminal history and be "otherwise consistent with law." *Id.* § 3454(a). But that general authority does not defeat Plaintiffs' claims. Plaintiffs do not challenge the Act or the County's general authority, ECF No. 90, p. 9; they allege that the particular conditions imposed on Doe, as imposed and enforced, violated the Constitution and exceeded state-law limits, *see, e.g.*, ECF No. 83, ¶¶ 45-102. The parties also dispute whether an agency may impose conditions like these without a court order. Compare ECF No. 90, pp. 7-9, with ECF No. 97, pp. 2-3. None of the recommended dispositions depends on that dispute, *see* Parts III.C.2, III.E, III.L, below, and the undersigned expresses no view on it.

**C. California Government Code Section 845.8(a)**

Against nearly every claim, the County Defendants assert immunity under California Government Code section 845.8(a). That provision states that "[n]either a public entity nor a public employee is liable for . . . [a]ny injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release." Cal. Gov't Code § 845.8(a); *see* ECF No. 87-1, pp. 11-12.

1. <u>Federal Claims</u>

Section 845.8(a) does not apply to Plaintiffs' claims under § 1983. "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980); *see Howlett*, 496 U.S. at 375-76. The County Defendants rely on *Martinez v. State*, 85 Cal. App. 3d 430 (1978), ECF No. 87-1, pp. 11-12, but that is the decision the Supreme Court reviewed in *Martinez v. California*. The Supreme Court upheld section 845.8 as applied to the state-law claims there while explaining that state law cannot immunize conduct that is wrongful under § 1983. 444 U.S. at 280-83, 284 n.8. To the extent the motion rests on section 845.8(a), it should be denied on the Second, Fourth, Seventh, Ninth, Eleventh, Thirteenth, Fifteenth, Seventeenth, Nineteenth, Twenty-First, and Twenty-Fifth Claims.

2. <u>State Law Damages Claims</u>

Section 845.8(a) bars only liability for money or damages. Cal. Gov't Code § 814. The question is whether it bars Plaintiffs' state-law damages claims against the County Defendants: the Bane Act claims, the false imprisonment and negligence claims, and the First Claim to the extent it seeks damages. Plaintiffs offer three arguments that it does not, but none are persuasive.

Plaintiffs first argue that governmental immunities do not apply to Bane Act claims. ECF No. 90, pp. 10-11. But a statute that simply imposes liability does not abrogate a statutory immunity absent "a clear indication of legislative intent that statutory immunity is withheld or withdrawn in the particular case," *Caldwell v. Montoya*, 10 Cal. 4th 972, 986 (1995) (addressing Cal. Gov't Code § 820.2). The Bane Act "contains no indicia reflecting an intent that public employees may be sued despite a statutory immunity that would otherwise apply." *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 504 (2006) (applying Cal. Gov't Code § 820.6). In 2021, the Legislature withdrew three immunities for Bane Act claims against peace and custodial officers and their employers. Cal. Civ. Code § 52.1(n).[1] Section 845.8 is not among them, and that withdrawal indicates that the remaining immunities still apply.

Plaintiffs next argue that section 845.8(a) does not reach conditions the County imposed two days after Doe's release by operation of law, when he was no longer a "prisoner." ECF No. 90, p. 12. But the PRCS Act calls PRCS conditions "conditions of release," Cal. Penal Code § 3453(a), and the County determines the additional ones, id. § 3454(b); *see* ECF No. 83, ¶ 123 (conditions "were entirely manufactured by the County Defendants"). The immunity for "determining the terms and conditions of [a prisoner's] parole or release" necessarily concerns the terms that govern the person outside the institution, and California courts have applied it both to a county's release decisions and to supervision after release. *See Thompson v. Cnty. of Alameda*, 27 Cal. 3d 741, 747-49 (1980); *Fleming v. State*, 34 Cal. App. 4th 1378, 1382-83 (1995); *Brenneman v. State*, 208 Cal. App. 3d 812, 820-21 (1989). Nothing in the statute suggests that conditions set two days after release lose an immunity that identical conditions set before release would enjoy.

[1] In 2025, the California Legislature amended § 52.1 and re-lettered § 52.1(n) to § 52.1(o). Act of Sept. 29, 2026, ch. 752, 2026 Cal. Stat. 752 (amending Cal. Civ. Code § 52.1).

Finally, relying on *Johnson v. State*, 69 Cal. 2d 782 (1968), and *Perez-Torres v. State*, 42 Cal. 4th 136 (2007), Plaintiffs argue that section 845.8(a) protects only basic policy decisions, not their implementation, and that any immunity ended once they told Defendants the conditions were unlawful. ECF No. 90, pp. 12-14. In Perez-Torres, the decision to revoke parole was immune, but keeping the plaintiff in jail after officials knew or should have known that he was the wrong man was not. 42 Cal. 4th at 142-45. The decisions Plaintiffs challenge here (which conditions to impose on Doe, and whether to lift or relax them) are the very "determin[ations]" of "the terms and conditions of his . . . release" that section 845.8(a) describes and that the PRCS Act commits to the County's discretion. Cal. Penal Code § 3454(b). They are not distinct implementing acts like the failure to warn foster parents in Johnson or the detention of the wrong person in *Perez-Torres*. And the officials in *Perez-Torres* lost immunity because their decision did not apply to the person they held, not because someone disputed the decision's legality.

Section 845.8(a) therefore bars Plaintiffs' state-law damages claims against the County Defendants arising from the determination of Doe's PRCS conditions. That bar reaches the Third, Sixth, Eighth, Tenth, Twelfth, Sixteenth, and Twenty-Second Claims, which are Bane Act claims premised on the conditions, the refusal to lift or modify them, or the criteria for relaxing them. ECF No. 83, ¶¶ 116-23, 145-48, 154-57, 163-66, 171-74, 268-72, 298-301. It also reaches the false imprisonment and negligence claims (the Twenty-Third and Twenty-Fourth Claims), id. ¶¶ 302-13, and the First Claim, to the extent it seeks damages.

The same is true of the Eighteenth and Twentieth Claims, which seek Bane Act damages for the petitions to revoke Doe's PRCS. ECF No. 83, ¶¶ 280-83, 289-93. The supervising agency petitions for revocation once it "has determined . . . that intermediate sanctions . . . are not appropriate," Cal. Penal Code § 3455(a). Its decision to do so is thus part of "determining whether to revoke [the supervisee's] . . . release," Cal. Gov't Code § 845.8(a), a basic policy determination within the immunity, *see* Perez-Torres, 42 Cal. 4th at 145. Plaintiffs make no separate argument about these claims. Because these defects arise from the nature of the conduct rather than from any lack of factual detail, amendment could not cure the damages claims. The undersigned need not decide whether section 845.8(a) bars the Fourteenth Claim, which fails for other reasons. See

Part III.H, below.

**D. Prospective Relief on the State-Law Claims**

Because section 845.8(a) does not bar relief other than damages, Cal. Gov't Code § 814, the Court must consider whether anything else remains of these state-law claims. Apart from the Twenty-Sixth Claim, which Doe brings as a taxpayer, the only non-monetary relief the TAC seeks is "any appropriate equitable, declaratory, or other relief the Court may deem proper under the Tom Bane Act to eliminate a pattern or practice of interference" with protected rights. ECF No. 83, pp. 80-81. Although the County Defendants have not raised the issue, the Court has an independent obligation to ensure that it has jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A plaintiff must demonstrate standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Env't Servs.* (TOC), Inc., 528 U.S. 167, 185 (2000). Past exposure to allegedly unlawful conduct does not establish standing to seek prospective relief absent the real and immediate threat that the plaintiff will again be subjected to it. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105-06 (1983).

The TAC alleges no such threat. BCPD's supervision of Doe ended on July 7, 2021; Doe was discharged from PRCS effective October 10, 2021, and "is no longer in any form of custody"; and he now lives at home with his family. ECF No. 83, ¶¶ 4, 252, 255-56. Plaintiffs therefore lack standing to pursue prospective relief on their state-law claims against the County Defendants, and those requests should be dismissed without prejudice. With damages barred and prospective relief unavailable, nothing remains of the First, Third, Sixth, Eighth, Tenth, Twelfth, Sixteenth, Eighteenth, Twentieth, and Twenty-Second Claims against the County Defendants. Those claims, and the Twenty-Third and Twenty-Fourth Claims, should be dismissed without leave to amend. The undersigned therefore does not reach the County Defendants' argument that Plaintiffs failed to plead the specific intent the Bane Act requires.

**E. Absolute Immunity of Defendants Lara and Carr**

The County Defendants argue that Lara and Carr are absolutely immune from the § 1983 claims against them because those claims concern the imposition of PRCS conditions. ECF No. 87-1, pp. 11-12, 14-15, 17-18, 20-24. Plaintiffs respond that PRCS officers perform no quasi-

judicial function, that the conditions were not the product of individualized decision-making, and that they exceeded the County's statutory authority. ECF No. 90, pp. 14-17.

Officials who perform functions comparable to those of judges share judges' absolute immunity, and the official claiming it bears the burden of justifying it. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993); *Swift v. California*, 384 F.3d 1184, 1188-89 (9th Cir. 2004). Parole board officials are therefore absolutely immune from damages for decisions to "grant, deny, or revoke parole," *Sellars v. Procunier*, 641 F.2d 1295, 1302-03 (9th Cir. 1981), and the Ninth Circuit has extended that immunity to the "imposition of parole conditions," *Swift*, 384 F.3d at 1189 (citing *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983)). But the immunity is functional. It does not reach conduct distinct from those decisions, such as investigating parole violations or recommending revocation, Swift, 384 F.3d at 1189-93, and parole officers' "immunity for conduct arising from their duty to supervise parolees is qualified," *Anderson*, 714 F.2d at 910. Thus, in *Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2014), parole officers were absolutely immune from damages for imposing residency and electronic-monitoring conditions, but not for allegedly enforcing those conditions in an arbitrary or discriminatory manner. *Id.* at 840. Absolute immunity also does not bar claims for declaratory or injunctive relief. *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012).

The County Defendants have shown that absolute immunity covers Lara's and Carr's imposition of Doe's special conditions. Under the PRCS Act, the supervising agency determines the additional conditions that will govern a supervisee's release, Cal. Penal Code § 3454(b), the same discretionary function held immune in *Thornton*, 757 F.3d at 839-40. The Ninth Circuit has applied the same rule, in unpublished decisions, to a GPS-monitoring condition of probation imposed under a statute committing electronic monitoring to the "sole discretion" of the county chief probation officer, *Frantom v. White*, 627 F. App'x 613, 613-14 (9th Cir. 2015) (quoting Cal. Penal Code § 1210.12), and to a parole condition barring contact with the parolee's fiancée, *Turner v. Smith*, 734 F. App'x 460, 461 (9th Cir. 2018).

Plaintiffs' contrary arguments are unpersuasive. That Doe's release was mandatory, ECF No. 90, pp. 14-15, does not matter. The function *Thornton* held immune was the discretionary

decision to impose particular conditions. 757 F.3d at 839-40. Deciding case by case what restrictions will govern a released offender is comparable to a sentencing court's imposition of conditions of probation or supervised release. That the conditions were allegedly imposed on generalizations rather than individualized judgment, ECF No. 90, pp. 15-16, goes to the merits of the decision, not its character; absolute immunity applies even where the action "was in error, was done maliciously, or was in excess of [the official's] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). And whatever the merit of Plaintiffs' contention that particular conditions exceeded the County's statutory authority, ECF No. 90, pp. 16-17, section 3454(b) expressly authorizes the agency to determine additional conditions and to order treatment, so Lara and Carr did not act in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57 (internal quotation marks omitted). To the extent Plaintiffs challenge a departmental practice of treating certain conditions as "standard," that challenge is properly directed to the County. *See* Part III.K, below.

Absolute immunity therefore bars Plaintiffs' § 1983 damages claims against Lara and Carr to the extent those claims rest on their imposition of Doe's special conditions or their refusal to remove or modify them. That disposes of the Second, Ninth, Eleventh, and Twenty-First Claims, each of which challenges the substance of particular conditions or the procedures by which they were imposed. ECF No. 83, ¶¶ 109-15, 158-62, 167-70, 294-97.

Absolute immunity does not, however, reach how Lara and Carr implemented and enforced the conditions in supervising Doe. *Thornton*, 757 F.3d at 840. That includes Lara's administration of the approvals the conditions themselves contemplated: Plaintiffs allege that she made Doe's return home, and any contact with his children, depend on a therapist's approval that turned on his admission of guilt, and that she refused every alternative Plaintiffs proposed. ECF No. 83, ¶¶ 31-32, 56, 130-34, 178, 182. It also includes Lara's response to the children's requests and the alleged discriminatory enforcement of the treatment condition. *Id.* ¶¶ 176-82, 258-66. The Fourth, Seventh, Thirteenth, and Fifteenth Claims are therefore addressed below to the extent they rest on such conduct.

### F. Familial Association (Fourth and Fifth Claims)

Two familial-association claims remain against the County Defendants: the Fourth Claim

against Lara and Carr, to the extent it rests on their implementation of the conditions, and the Fifth Claim, which alleges that Lara and Carr conspired with Horwitz-Person to withhold approval of Doe's return home. ECF No. 83, ¶¶ 124-44.

1. Defendant Carr's Personal Participation

The County Defendants argue that the Fourth Claim fails against Carr for lack of facts showing her involvement. ECF No. 87-1, pp. 15-16; ECF No. 97, p. 9. Plaintiffs point to Carr's declaration explaining the reasons for Doe's conditions, ECF No. 90, p. 23; *see* ECF No. 83, ¶¶ 9, 40, but that concerns the imposition of the conditions, for which Carr is absolutely immune. The allegation that Carr and Lara never contacted Doe's wife to assess the children's relationship with Doe or her ability to protect them, ECF No. 83, ¶ 129, likewise concerns the decision to impose and maintain the restrictions. And the allegation that Lara and Carr would not approve Doe's return home without Horwitz-Person's approval, *id.* ¶ 143; *see id.* ¶ 135, groups the two officers without describing anything Carr said or did. Every specific request and response the TAC describes involves Lara alone. *See id.* ¶¶ 31-36, 130-34, 177-82. These allegations do not plausibly show that Carr personally participated in administering the approval provisions. *See Iqbal*, 556 U.S. at 676-77; *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). The Fourth Claim should be dismissed against Carr, with leave to amend.

2. The Underlying Right

Parents and children have a liberty interest in each other's companionship and society, protected by the Fourteenth Amendment against unwarranted state interference. *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 441 & n.23 (9th Cir. 2010); *Lee*, 250 F.3d at 685-86; *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). The State's interest in protecting children is compelling, but a person under supervision keeps the liberty interest, and a supervised-release condition restricting a sex offender's contact with his own children implicates a "fundamental" one. *United States v. Wolf Child*, 699 F.3d 1082, 1090-93 (9th Cir. 2012).

Plaintiffs allege that Doe's offense involved no contact with any child and that nothing suggested he posed a risk to his own children, ECF No. 83, ¶¶ 14-15, 19, yet he was barred from

living with them for roughly a year and from any contact with them for nearly nine months. No Defendant ever assessed the children's relationship with Doe or his wife's ability to protect them, and Doe's return home was made to depend on his admitting guilt and his wife's affirming it. *Id.* ¶¶ 31-32, 38, 127, 129-34, 142-43, 153, 182, 256. The County Defendants' responses, that the restrictions protected the children and that Doe could have obtained approval to return home, ECF No. 87-1, p. 15, raise factual disputes. Taken as true, the allegations plausibly state a claim of unwarranted interference with familial association. The County Defendants' separate contention that the claim is inadequately pleaded consists of a single sentence, *id.* p. 16 (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)), and the Court declines to develop it for them.

3. <u>Qualified Immunity</u>

The County Defendants argue that Lara is entitled to qualified immunity because no clearly established law gives a sex offender released on PRCS a right to live with children, and because Doe could have obtained approval to return home. ECF No. 87-1, p. 15; see ECF No. 97, pp. 7-8.

Government officials are entitled to qualified immunity from damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The inquiry asks (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) whether the right was clearly established at the time. *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009). A right is clearly established only if "existing precedent [has] placed the statutory or constitutional question beyond debate," and courts may not "define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011). Deciding qualified immunity at the motion-to-dismiss stage "raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). If the complaint "contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right," the plaintiff may proceed. Id. at 1235 (internal quotation marks omitted).

Plaintiffs' contention that qualified immunity is categorically unavailable because Lara

and Carr breached ministerial duties under state law, ECF No. 90, pp. 17-18, fails; officials "do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 194 (1984). But whether Lara's conduct violated clearly established law depends on facts not yet before the Court: the basis for the restrictions as applied to these children, what Lara knew about any risk Doe posed to them, and the criteria that actually governed the approval decisions. By the time of the events at issue, the Ninth Circuit had held that a condition barring a sex offender from contact with his own children implicates a fundamental liberty interest and requires an individualized assessment. *Wolf Child*, 699 F.3d at 1090-93 (defendant convicted of attempted sexual abuse of a minor). The California Supreme Court had likewise held that residency restrictions on registered sex offenders must be "based on, and supported by, the particularized circumstances of each individual parolee." *In re Taylor*, 60 Cal. 4th 1019, 1042 (2015). Whether those authorities placed the unlawfulness of Lara's conduct beyond debate cannot be decided without a factual record. The County Defendants' contrary arguments rest on *Espinoza*, which says nothing about familial association, and on the premise that Doe could have obtained approval, which assumes the validity of the approval criteria Plaintiffs challenge. Their reply's specificity argument addresses the imposition of the conditions, which absolute immunity already covers, not the administration of the approvals on which the remaining claim rests. Qualified immunity should be denied as to the Fourth Claim against Lara, without prejudice to renewal on a developed record.

4. <u>The Fifth Claim</u>

The County Defendants' only argument against the Fifth Claim is that it fails with the Fourth. ECF No. 87-1, p. 16 (citing *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 767 (9th Cir. 1987)). Because Plaintiffs have plausibly alleged an underlying violation, that argument fails, and the motion should be denied as to the Fifth Claim. The reply argues more broadly that all claims against Carr fail. ECF No. 97, p. 9. But the motion made that argument only against the Fourth and Seventh Claims, ECF No. 87-1, pp. 15-17, and the Court need not consider arguments raised for the first time in reply, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The TAC's allegations of Carr's role in the alleged conspiracy are, however, no more specific than those

found insufficient in Part III.F.1, above.

**G. Coercive Interrogation (Seventh Claim)**

In the Seventh Claim, Doe alleges that Lara, Carr, and Horwitz-Person conspired to coerce a confession by conditioning his return home, and any contact with his children, on his admitting his offense in therapy and his wife's affirming his guilt, conduct he calls "torture" that "shocks the conscience." ECF No. 83, ¶¶ 149-53. The County Defendants argue that the claim is inadequately pleaded and that Lara and Carr are entitled to qualified immunity. ECF No. 87-1, p. 17.

The claim fails at the first step of the qualified immunity inquiry, because Plaintiffs have not plausibly alleged a constitutional violation. *See Pearson*, 555 U.S. at 232. A substantive due process claim based on coercive interrogation requires conduct that "shocks the conscience." *Stoot v. City of Everett*, 582 F.3d 910, 928 (9th Cir. 2009); *see Chavez v. Martinez*, 538 U.S. 760, 774-75 (2003) (plurality opinion). "[O]nly the most egregious official conduct" qualifies. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The Ninth Circuit has found the standard met where police deliberately and relentlessly interrogated a suspect while ignoring his requests for counsel. *Cooper v. Dupnik*, 963 F.2d 1220, 1248-50 (9th Cir. 1992) (en banc), overruled on other grounds by *Chavez v. Martinez*, 538 U.S. at 773. It has also found the standard met where officers isolated two teenage boys and questioned them for hours in a manner that could fairly be called "psychological torture," *Crowe*, 608 F.3d at 431-32.

The conduct alleged here is different in kind. Doe was not detained or questioned by police. He was required, as a condition of supervision, to take part in sex offender treatment, and his progress, and the relaxing of his restrictions, depended on his admitting the offense of which he had been convicted. ECF No. 83, ¶¶ 37-38, 140, 143, 153. "[A]n important component of [sex offender] rehabilitation programs requires participants to confront their past and accept responsibility for their misconduct." *McKune v. Lile*, 536 U.S. 24, 33 (2002) (plurality opinion). The undersigned does not minimize the hardship Plaintiffs describe, ECF No. 83, ¶ 152, but conditioning treatment progress on acceptance of responsibility is not the kind of egregious abuse of power that shocks the conscience. Plaintiffs' allegation that the requirement was meant to

extract a confession for use at any retrial, *see id.* ¶ 267, rests on the confidentiality waiver and the possibility of further proceedings; it does not change the nature of the conduct.

Nor does the Fifth Amendment support the claim. The TAC concedes that Doe's Fifth Amendment right "was not violated in his case" because he "never made an incriminating statement that was used against him in a court of law." ECF No. 83, ¶ 78. That concession is correct. A § 1983 claim for violation of the privilege against self-incrimination requires, at a minimum, that a compelled statement have been used against the plaintiff in a criminal case. *See Chavez v. Martinez*, 538 U.S. at 766-67, 769 (plurality opinion). The Ninth Circuit has applied that rule to a supervisee who, like Doe, was sanctioned for refusing to admit his offense in sex offender treatment. *Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021). Plaintiffs' reliance on *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), *see* ECF No. 91, p. 20, is misplaced. Antelope was a direct appeal from the revocation of supervised release; it addressed the validity of that sanction in the criminal case, not whether damages are available under § 1983. *See Antelope*, 395 F.3d at 1133-39.

Because Plaintiffs have not plausibly alleged a constitutional violation, Lara and Carr are entitled to qualified immunity on the Seventh Claim, and the claim fails against them in any event. The conspiracy theory does not save it, because a conspiracy does not give rise to § 1983 liability absent an actual deprivation of constitutional rights. *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Because this is the first ruling on the sufficiency of Plaintiffs' pleadings, the dismissal should be with leave to amend.

**H. The Children's Retaliation Claims (Thirteenth and Fourteenth Claims)**

The children allege that Lara and BCPD retaliated against them for petitioning the government: Lara by "refusing to even answer" their Christmas request and ignoring Doe's requests for brief supervised visits, and BCPD by "ignoring the Minors' complaints entirely." ECF No. 83, ¶¶ 187-93. A First Amendment retaliation claim requires that (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing that activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824

F.3d 858, 867 (9th Cir. 2016).

The TAC does not plausibly allege an adverse action caused by the children's petitioning. Lara is alleged only to have failed to respond to, or grant, requests that Doe be permitted to see his children. ECF No. 83, ¶¶ 176-82, 188, 191. But the First Amendment "does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a petition. *Smith v. Ark. State Highway Emps., Local* 1315, 441 U.S. 463, 465 (1979) (per curiam); *see Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984); *L.F. v. Lake Wash. Sch. Dist.* #414, 947 F.3d 621, 626 (9th Cir. 2020). Lara's inaction left the children where they were before they petitioned, and the TAC alleges that she declined every similar request both before and after the suit was filed, citing the need for the therapist's approval. ECF No. 83, ¶¶ 31-33, 130-34, 178, 182. The chronology on which Plaintiffs rely, ECF No. 90, p. 24, thus shows only that Lara maintained the position she had taken before the suit. *Cf. Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). And any duty of care Lara owed the children under California Civil Code section 1714, *see* ECF No. 90, p. 24, may bear on a negligence theory but does not make a failure to respond retaliatory.

The claim against BCPD, which rests on its failure to follow its own procedures in investigating the children's complaints, ECF No. 83, ¶¶ 183-85, 189, 192-93, fails as well. The Constitution does not entitle a complainant to an investigation conducted in a particular manner. *See Smith*, 441 U.S. at 465; *cf. Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). And the TAC alleges no facts beyond the children's own experience suggesting a policy or custom of retaliating against those who petition. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). The Fourteenth Claim, which asserts the same theory under the Bane Act, ECF No. 83, ¶¶ 197-200, fails for the same reasons. The Thirteenth and Fourteenth Claims should be dismissed with leave to amend, and the undersigned need not reach the County Defendants' immunity arguments on them.

### I. Equal Protection (Fifteenth Claim)

Doe alleges that Lara and Carr treated him differently from other PRCS supervisees. They required sex offender treatment, which has a longer minimum duration than the six months after

which a supervisee may be considered for discharge. They imposed restrictions that Mendocino County, and Butte County for other supervisees, did not impose. And they required him to enroll with a provider that allegedly did not meet state standards. ECF No. 83, ¶¶ 257-67. Because he does not allege membership in a protected class, his is a "class of one" claim, which requires that he was intentionally treated differently from others similarly situated without a rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

The claim fails. Each county's supervising agency has discretion over additional conditions, Cal. Penal Code § 3454(b), so differences between counties do not show that Lara or Carr treated Doe differently from anyone similarly situated. The allegations about the length of treatment and New Beginnings' compliance with state standards, ECF No. 83, ¶¶ 259, 262-65, challenge the condition and the provider, not a classification. And choosing the conditions for a particular supervisee is an individualized, discretionary judgment to which the class-of-one theory is ill-suited. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603-04 (2008); *Towery v. Brewer*, 672 F.3d 650, 660-61 (9th Cir. 2012). At a minimum, no authority clearly establishes that a supervising officer violates the Equal Protection Clause by imposing individualized conditions that differ from those imposed on other supervisees, so Lara and Carr are entitled to qualified immunity. Plaintiffs' opposition does not otherwise defend the claim. *See* ECF No. 90, pp. 16, 19. The Fifteenth Claim should be dismissed with leave to amend.

### J. Claims Based on the Revocation Petitions (Seventeenth and Nineteenth Claims)

#### 1. <u>Malicious Prosecution</u>

The Seventeenth Claim alleges that Lara and Carr maliciously prosecuted Doe by twice petitioning, without probable cause, to revoke his PRCS to obtain an after-the-fact order imposing the treatment condition. ECF No. 83, ¶¶ 273-79. The County Defendants argue that Doe has not identified the constitutional right of which he was deprived. ECF No. 87-1, p. 22. A malicious prosecution claim is cognizable under § 1983 where the defendants prosecuted the plaintiff with malice and without probable cause, for the purpose of denying him a specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

The TAC identifies the right as procedural due process. ECF No. 83, ¶ 279; ECF No. 90, p. 25. But procedural due process protects against the deprivation of liberty or property without constitutionally adequate process, *see Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990), and the petitions initiated judicial proceedings in which Doe was heard and prevailed. The superior court summarily revoked his PRCS pending a ruling on his demurrer, released him on his own recognizance, twice sustained his demurrer, and reinstated him on PRCS. ECF No. 83, ¶¶ 238-42. That is the process the Due Process Clause requires, not a denial of it. The TAC does not allege that Doe was detained as a result of the petitions, and Plaintiffs do not invoke the Fourth Amendment. *Cf. Thompson v. Clark*, 596 U.S. 36, 42-43 (2022). Substantive due process supplies no right to be free from prosecution without probable cause. *Albright v. Oliver*, 510 U.S. 266, 271-75 (1994) (plurality opinion). Plaintiffs' complaint that the County imposed the treatment condition without first obtaining a court order, ECF No. 83, ¶¶ 275, 279, challenges the condition itself, which other claims address. And the absence of a state tort remedy for malicious prosecution by public employees, *see* ECF No. 90, p. 25, does not identify a deprivation without process. The Seventeenth Claim should be dismissed with leave to amend.

2. <u>Retaliation</u>

The Nineteenth Claim alleges that Lara and Carr petitioned to revoke Doe's PRCS in retaliation for this lawsuit, his request for a copy of the intake paperwork, and his maintaining his innocence in therapy. ECF No. 83, ¶¶ 284-88. Although the County Defendants' memorandum uses the words "absolute immunity," their only argument against this claim is section 845.8(a), ECF No. 87, p. 7; ECF No. 87-1, p. 23, which does not apply to § 1983 claims, *see* Part III.C.1, above. They do not argue that the petitions were absolutely immune quasi-prosecutorial acts or that the claim is inadequately pleaded, and the Court declines to construct those arguments for them. The motion should be denied as to the Nineteenth Claim.

**K. Municipal Liability (Twenty-Fifth Claim)**

Local governments are "persons" subject to liability under § 1983 for their own policies, but not on a theory of respondeat superior. *Monell*, 436 U.S. at 690-91; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Liability may rest on a formal policy or longstanding practice

or custom, on the act of an official with final policy-making authority, or on such an official's ratification of a subordinate's decision. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). The claim must be plausibly pleaded, AE, 666 F.3d at 637, but a single application of an unconstitutional policy may suffice, *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion). The individual immunities of the entity's officers do not shield the entity. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980).

Plaintiffs allege that BCPD maintained six customs or policies, including imposing unconstitutional special conditions, failing to establish the review process the PRCS Act requires, and failing to train its employees on the limits of their authority. ECF No. 83, ¶¶ 316-21. The County argues that these allegations rest only on Plaintiffs' own experience and a parole officer's passing remark, ECF No. 87-1, pp. 25-26, and that the "bare allegation" standard Plaintiffs draw from *Lee*, 250 F.3d at 682-83, no longer governs, ECF No. 97, pp. 10-11. The County is right about the standard, *see* AE, 666 F.3d at 637, but the TAC meets the standard that applies. It alleges that BCPD has no process for reviewing conditions, even though section 3454(a) requires each supervising agency to "establish a review process for assessing and refining a person's program of postrelease supervision." ECF No. 83, ¶¶ 44, 319, 324. It alleges that a BCPD supervising officer described numerous conditions as "standard" within the department, id. ¶¶ 40, 47, 65, 71, 75, 86, 90, 333, 336; that Lara said the restrictions reflected BCPD's policy, id. ¶ 182; and that a CDCR officer said deferring special conditions until after release was "typical of Butte County," *id.* ¶ 27. These allegations plausibly suggest that the challenged conditions and procedures reflected departmental policy rather than isolated decisions. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), which addressed proof of an informal custom on summary judgment, does not require more at this stage, and section 845.8(a) does not apply to § 1983 claims. *See* Part III.C.1, above. The motion should be denied as to the Twenty-Fifth Claim.

**L. Taxpayer Claim (Twenty-Sixth Claim)**

In the Twenty-Sixth Claim, Doe, as a Butte County property owner and taxpayer, seeks orders under California Code of Civil Procedure section 526a restraining what he alleges are unlawful expenditures by BCPD, including orders requiring BCPD to give timely notice of

special conditions, to establish a review process, and to stop imposing certain conditions as "standard." ECF No. 83, ¶¶ 322-41 & pp. 79-80. The County argues that it is immune under sections 815 and 845.8(a) and that section 526a authorizes suit only against a local agency's officers and agents. ECF No. 87-1, p. 26 (citing *Gray v. White*, 5 Cal. App. 2d 463, 467-68 (1935)); ECF No. 97, p. 11.

The immunity argument fails because the Government Claims Act provisions on which the County relies do not affect claims for relief other than money or damages. Cal. Gov't Code § 814. The proper-defendant argument fails at this stage. Although section 526a refers to actions against an agency's officers and agents, its current text confers standing on a person who has paid "a tax that funds the defendant local agency." Cal. Civ. Proc. Code § 526a(a). And the California Supreme Court has said that the statute "allows for suit against governmental entities." *Weatherford v. City of San Rafael*, 2 Cal. 5th 1241, 1251 (2017). The County does not explain why *Gray*, a 1935 decision holding that a county was improperly joined, requires dismissal now. In any event, Plaintiffs state that they will name BCPD's chief probation officer if required, ECF No. 90, p. 26, and they may do so in any amended complaint. The motion should be denied as to the Twenty-Sixth Claim.

**M. Leave to Amend**

Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave, courts consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Although the operative pleading is Plaintiffs' third amended complaint, no court has yet ruled on the sufficiency of any of Plaintiffs' pleadings, *see* ECF Nos. 71, 78, 82, so there has been no repeated failure to cure identified deficiencies.

Leave to amend should therefore be granted for the claims dismissed for failure to state a claim: the Fourth Claim against Carr and the Seventh, Thirteenth, Fourteenth, Fifteenth, and Seventeenth Claims. Leave should be denied for the claims barred by absolute immunity or by

section 845.8(a), and for the state-law claims of which nothing remains, because those defects arise from the nature of the conduct and the relief at issue. That limitation does not preclude Plaintiffs from alleging facts showing that Lara or Carr personally participated in implementing or enforcing Doe's conditions in a manner that violated Plaintiffs' federal rights. *See Thornton*, 757 F.3d at 840. Plaintiffs need not replead claims dismissed without leave to amend to preserve them for appeal, *see Lacey*, 693 F.3d at 928, and any amended complaint must be complete in itself without reference to any prior pleading, *see* E.D. Cal. L.R. 220.

**IV. RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The County Defendants' request for judicial notice, ECF No. 87-2, be GRANTED as to the existence of the California Court of Appeal's opinion and its judgment affirming Plaintiff John Doe's conviction, and otherwise DENIED.
2. The County Defendants' motion to dismiss, ECF No. 87, be GRANTED in part and DENIED in part, as follows:
   a. The motion be GRANTED without leave to amend as to the Second, Ninth, Eleventh, and Twenty-First Claims, and as to the Fourth Claim to the extent it rests on Defendants Lara's and Carr's imposition of, or refusal to remove or modify, Plaintiff John Doe's special conditions of supervision;
   b. The motion be GRANTED without leave to amend as to the Twenty-Third and Twenty-Fourth Claims, and as to the First, Third, Sixth, Eighth, Tenth, Twelfth, Sixteenth, Eighteenth, Twentieth, and Twenty-Second Claims against the County Defendants, with any request for prospective relief on those claims dismissed without prejudice for lack of standing;
   c. The motion be GRANTED with leave to amend as to the Seventh, Thirteenth, Fourteenth, Fifteenth, and Seventeenth Claims, and as to the Fourth Claim against Defendant Carr; and
   d. The motion be DENIED as to the Fourth Claim against Defendant Lara and as to the Fifth, Nineteenth, Twenty-Fifth, and Twenty-Sixth Claims.

3. Plaintiffs be granted leave to file a fourth amended complaint consistent with these findings and recommendations and those issued concurrently on Defendant Horwitz-Person's motion to dismiss, ECF No. 88, within 30 days of the District Judge's order resolving them, and the County Defendants be directed to respond within 21 days after service of any amended complaint or, if no amended complaint is filed, within 21 days after the deadline to file one.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE